2000 ME 197

**Clifford A. DUMONT et al.**

v.

**FLEET BANK OF MAINE.**

and

**Michael S. Haenn.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 27, 2000.

Decided Nov. 7, 2000.

Clifford A. Dumont, Albion, for plaintiffs.

Rufus E. Brown, Esq., Brown & Burke, Portland, for Fleet Bank.

Emily A. Bloch, Esq., Peter J. DeTroy, Esq., Norman, Hanson & DeTroy, LLC, Portland, for Haenn.

Panel: WATHEN, C.J., and
CLIFFORD, RUDMAN, DANA, and CALKINS, JJ.

DANA, J.

[¶ 1] Clifford A. Dumont and Mary Ann Dumont appeal from the Superior Court's (Androscoggin County, *Alexander, J.*) dismissal on res judicata grounds of Count I of their amended complaint for breach of

contract against Fleet Bank of Maine, the Superior Court's grant of a summary judgment (*Delahanty, J.*) of Count II for abuse of process against Fleet and Michael S. Haenn, and the dismissal for failure to state a claim (*Delahanty, J.*) in Count III of their complaint for a violation of the Maine Civil Rights Act 5 M.R.S.A. § 4682 (Pamph.1999) against Fleet and Haenn. We affirm.

[¶ 2] In 1987, the Dumonts obtained loans secured by a mortgage on their residence. After the Dumonts defaulted on the mortgage, Fleet, through their attorney Haenn, instituted foreclosure proceedings.[1] After the District Court (Waterville, *Mead, J.*) issued a foreclosure judgment, Fleet purchased the Dumonts' residence at the foreclosure auction and obtained a deficiency judgment.

[¶ 3] In 1993, the Dumonts filed a motion to vacate the deficiency judgment pursuant to M.R. Civ. P. 60(b)(6),[2] contending, inter alia, that Fleet did not follow the requirements of 14 M.R.S.A. § 6324 (Supp.1999)[3] in fixing the deficiency. The District Court agreed and ordered that the Dumonts be given an opportunity to challenge the amount of the deficiency.[4]

---

1. The Dumonts retained counsel after the foreclosure proceedings were commenced, but counsel withdrew after the Superior Court dismissed Count I.

2. M.R. Civ. P. 60(b)(6) reads in pertinent part:
 (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons; ... (6) any other reason justifying relief from the operation of the judgment.

3. **§ 6324. Proceeds of sale**
 After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court and shall mail a copy to the mortgagor at the mortgagor's last known address. This report need not be accepted or approved by the court,

provided that the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report, but any such challenge may be for money only and does not affect the title to the real estate purchased by the highest bidder at the public sale. Any deficiency must be assessed against the mortgagor and an execution must be issued by the court therefor. In the event the mortgagee has been the purchaser at the public sale, any deficiency is limited to the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale.
14 M.R.S.A. § 6324.

4. The District Court found that the report filed by Fleet with the District Court did not indicate that Fleet was the purchaser of the property. In addition, the court found that no independent appraisal had been obtained by Fleet and that "Fleet's estimate of the

[¶ 4] After a hearing in which the District Court (Waterville, *Anderson, J.*) determined the value of the Dumonts' residence at the time of the sale and reduced the deficiency by $30,000, the Dumonts filed this action against both Fleet and Haenn for their failure to follow the procedure established in 14 M.R.S.A. § 6324. After all three counts were disposed of in the Superior Court, this appeal followed.

## I. BREACH OF CONTRACT CLAIM

[¶ 5] The Dumonts contend that they did not have an opportunity to fully litigate the breach of contract claim in the foreclosure action, and the claim should not be barred by res judicata. "Claim preclusion bars the relitigation of a claim 'if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.'" *Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 6, 704 A.2d 866, 868 (citation omitted).

[¶ 6] The parties stipulated that elements one and two were met; therefore, we need only determine whether the breach of contract claim was or might have been litigated in the first action. "To determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action, we examine whether the same cause of action was before the court in the prior case." *Id.* (citation and internal quotations omitted). We have adopted a transactional test to define the cause of action:

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out [of] the same aggregate of operative facts even

value was effectively a penalty imposed on the [Dumonts] for refusing to vacate the premises

though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

*Id.* (citation omitted). "The effect of the prior decision upon the present action is a question of law." *Currier v. Cyr*, 570 A.2d 1205, 1207–08 (Me.1990). We review questions of law *de novo*. *H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 923 (Me. 1996) (citation omitted).

[¶ 7] The breach of contract claim arises out of the same "aggregate of connected operative facts" that were before the court in the rule 60(b)(6) motion. The Dumonts' rule 60(b)(6) motion alleges that Fleet "failed to follow the requirements of 14 M.R.S.A. § 6324 in fixing the deficiency." The Dumonts' breach of contract claim states: "Defendant's failure to observe the requirements of Maine law applicable to foreclosure by civil action constitutes a breach of the mortgage contract between Plaintiffs and the Defendant Bank, proximately resulting in substantial damages to Plaintiffs." Both claims allege and involve essentially the same facts. The major difference between the two claims is the reliance on different legal theories, and this is not sufficient to establish that the contract claim was not before the court in the prior case. *See Beegan v. Schmidt*, 451 A.2d 642, 647 (Me.1982) (finding that res judicata barred the subsequent action because the "only real difference between the two cases" was the reliance on different legal theories and the additional factual allegations that were necessary to show that the plaintiff had a right to rely on that legal theory); *Kradoska v. Kipp*, 397 A.2d 562, 567 (Me.1979) (finding that "[a] plaintiff will not be permitted to split his cause of action and pursue each aspect of it in separate lawsuits") (citations omitted).

. . . ."

[¶ 8] The same claim was before the court in the prior action; therefore, the third requirement of claim preclusion was present. The Superior Court correctly barred the Dumonts from litigating the breach of contract claim.

## II. ABUSE OF PROCESS CLAIM

[¶ 9] Count II of the Dumonts' amended complaint contends that the filing of the report of public sale by Fleet and Haenn was an abuse of process because Fleet obtained an excessive deficiency judgment by failing to follow the procedures in 14 M.R.S.A. § 6324. The Dumonts contend that the Superior Court failed to consider all of the facts they submitted, and if all of the facts had been considered, the summary judgment would not have been granted.[5]

[¶ 10] To review a grant of a summary judgment, we examine "the evidence in a light most favorable to the nonprevailing party to determine whether the court committed an error of law." *Gorham Savings Bank v. Baizley*, 1998 ME 9, ¶ 6, 704 A.2d 398, 400 (citation omitted). "A summary judgment is proper when the party that bears the burden of proof on an essential element at trial has presented evidence that, if she presented no more, would entitle the opposing party to a judgment as a matter of law." *June Roberts Agency, Inc. v. Venture Properties, Inc.*, 676 A.2d 46, 48 (Me.1996) (cita-

tion omitted). "[T]o avoid a judgment as a matter of law at a trial, a plaintiff must establish a *prima facie* case for each element of his cause of action." *Barnes v. Zappia*, 658 A.2d 1086, 1089 (Me.1995) (citation omitted).

[¶ 11] The elements necessary to establish an abuse of process are (1) "the use of process in a manner improper in the regular conduct of the proceeding" and (2) "the existence of an ulterior motive." *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283, 286 (citation omitted).

[¶ 12] In opposing Fleet and Haenn's motion for a summary judgment, the Dumonts did not file a separate statement of material facts or make proper reference to a statement of material facts as required by M.R. Civ. P. 7(d)(2).[6] Instead, the Dumonts filed a memorandum and supplemental memorandum objecting to Fleet and Haenn's motion for a summary judgment and attaching numerous documents, including: depositions, transcripts of hearings, exhibits, orders and interrogatories.

[¶ 13] "In determining whether to grant or deny a motion for a summary judgment, the trial court 'is to consider *only* the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.'" *Corey v. Norman, Hanson & DeTroy*, 1999 ME 196,

---

5. In their appeal from the entry of the summary judgment on the abuse of process claim, the Dumonts also discuss other legal theories, including: fraudulent conveyance; fraudulent misrepresentation; 18 U.S.C.A. § 1341 (mail fraud: Frauds and swindles); and violations of the National Banking Act and the Fair Debt Collection Practices Act. In addition, in the statement of facts, the Dumonts contend that Fleet and Haenn violated 33 M.R.S.A. § 53 (representation of another's credit). These claims were not alleged, nor are they the basis for any of the claims as stated in the Dumonts' amended complaint. We will not consider the merits of these contentions because an issue may not be asserted for the first time on appeal. *See Rairdon v. Dwyer*, 598 A.2d 444, 445 (Me.1991).

6. M.R. Civ. P. 7(d)(2) states:

The party opposing a motion for summary judgment shall file with the material required to be filed by subdivision (c) of this rule a separate, short and concise statement of the material facts, supported by appropriate record references, as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party, if supported by appropriate record references, will be deemed to be admitted unless properly controverted by the statement required to be served by the opposing party.

¶ 8, 742 A.2d 933, 938 (citations omitted). "The statement of material facts requirement of Rule 7(d) is designed to force litigants to narrowly frame their summary judgment contentions, enabling the court to decide a summary judgment motion without engaging in an exhaustive review of the record." *Id.* (citations omitted). The Dumonts did not follow the proper procedure, and their status as pro se litigants does not afford them any special consideration; therefore, it was appropriate for the Superior Court to adopt the facts as presented by Fleet and Haenn to determine if there was a genuine issue of material facts. *New England Whitewater Center, Inc. v. Dep't of Inland Fisheries and Wildlife*, 550 A.2d 56, 60 (Me.1988) (stating that the Law Court does not afford special consideration to criminal or civil pro se litigants). Considering Fleet and Haenn's statement of material facts in the light most favorable to the Dumonts, there is no genuine issue of material facts as to whether there was an abuse of process in obtaining the deficiency judgment. The motion for summary judgment was properly granted.

### III. CIVIL RIGHTS ACT CLAIM

 [¶ 14] The Dumonts' third count in their amended complaint alleges that Fleet and Haenn's failure to follow the statutory procedures to obtain the deficiency judgment constituted an intentional interference with the Dumonts' rights to due process pursuant to the Maine Constitution,

7. Article 1, § 6–A provides:
 **§ 6–A. Discrimination against person prohibited**
 Section 6–A. No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of his civil rights or be discriminated against in the exercise thereof.
 ME. CONST ART. I, § 6–A.

8. The Maine Civil Rights Act states in pertinent part:
 Whenever any person, whether or not acting under color of law, intentionally interferes or attempts to intentionally inter-

Article I, Section 6–A,[7] in violation of the Maine Civil Rights Act.[8] The Superior Court dismissed the Maine Civil Rights claim pursuant to M.R. Civ. P. 12(b)(6) for failure to establish a claim on which relief can be granted because the Dumonts did not allege that Fleet and Haenn "intentionally exerted or threatened physical force or violence ...." While we find the Superior Court's reason for dismissing unpersuasive, we agree that the third count of the Dumonts' claim should be dismissed for failing to establish a violation of 5 M.R.S.A § 4682. We conclude as a matter of law that the defect in the foreclosure action on the facts in this case did not constitute either the actual or threatened "damage or destruction of property or trespass on property." 5 M.R.S.A. § 4682.

The entry is:

Judgment affirmed.

fere by physical force or violence against a person, damage or destruction of property or trespass on property or by the threat of physical force or violence against a person, damage or destruction of property or trespass on property with the exercise or enjoyment by any other person of rights secured ... by the Constitution of Maine or laws of the State ... the person whose exercise or enjoyment of these rights has been interfered with, or attempted to be interfered with, may institute and prosecute in that person's own name and on that person's own behalf a civil action for legal or equitable relief.
5 M.R.S.A. § 4682.