STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss                                CIVIL ACTION
                                              DOCKET NO. AP-06-37

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2007 MAR -7 A 9:07

CLIFFORD RIDLON,

        Plaintiff

v.                                            ORDER


TOWN OF WINDHAM,

        Defendant


        In response to the court's order of February 6, 2007, plaintiff Clifford Ridlon has submitted two handwritten documents. These documents contain references to a prior bankruptcy proceeding, to prior civil or criminal proceedings, to past assistance he may have provided to law enforcement officials, and to past events which resulted, he asserts, in his having lost 10 years of his life and having been railroaded for some years into the former Augusta Mental Health Institute. The court sees no indication that copies of these documents were served, as required, upon the attorney for the Town.

        Very little of plaintiff's submissions relates to the dispute at hand. With respect to the pending appeal, it is difficult to understand plaintiff's contentions, but he appears to allege that he was given assurances by the town that he would be entitled to 50 parking spaces and that he has since been treated unfairly in numerous respects.

        Despite the court's order and the requirements of Rule 80B(e), plaintiff has not submitted any administrative record and the court is at a loss to determine how it can possibly undertake any judicial review of the Town's action on plaintiff's license application without an administrative record.

        Plaintiff' attorney filed a motion to withdraw in mid October and by order filed November 17, 2006, the court gave plaintiff 20 days to obtain a new attorney or the

court would assume he was representing himself. No new attorney has since appeared for plaintiff.

The November 17 order put plaintiff on notice that if new counsel did not appear, plaintiff would be required to follow all of the applicable rules in the Maine Rules of Civil Procedure. At this point the court can only conclude that the plaintiff has not complied with those rules or with the court's February 6 order. Moreover, the Law Court has consistently made clear that pro se litigants are not excused from the procedural and other rules applicable to represented litigants. E.g., Dumont v. Fleet Bank, 2000 ME 197, ¶ 13, 760 A.2d 1049, 1054.

The entry shall be:

Plaintiff's appeal is dismissed for failure to file the administrative record. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 6 , 2007

Thomas D. Warren
Justice, Superior Court

Date Filed 8-1-06          CUMBERLAND          Docket No. AP-06-37

                              County

Action    80B APPEAL


CLIFFORD A. RIDLON                    TOWN OF WINDHAM
                                      ZONING BOARD OF APPEALS, WINDHAM, ME


                                 vs.

Plaintiff's Attorney CLIFFORD RIDLON-PRO SE          Defendant's Attorney
                     8 CLINTON ST, PORTLAND ME
CLIFFORD A. RIDLON (PRO SE)          04103          KENNETH COLE III ESQ (TOWN OF WINDHAM)
8 CLINTON STREET                                    NATALIE BURNS, ESQ. (TOWN OF WINDHAM)
PORTLAND, ME 04103                                  PO BOX 4510
772-6722                                            PORTLAND, ME 04112-4510
892-9258 (SHOP)       DAVID TURESKY, ESQ            775-7271
                      477 CONGRESS ST, STE 400
                      PORTLAND ME 04101-3409
Date of               772-7120
Entry