STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-07-153

JEREMIAH YOUNG,

Plaintiff,

v.                                                              ORDER

DEXTER THERRIAN, et al.,

Defendants.

Before the court is defendant's motion to dismiss and for summary judgment.[1]

The premise of defendants' motion is that, with one exception, plaintiff Jeremiah Young has not exhausted his administrative remedies with respect to his claims for damages under the civil rights laws and those claims are therefore subject to dismissal under the Prison Litigation Reform Act. Defendants then argue that the one claim which Young has exhausted fails to state a claim upon which relief may be granted.

In response to defendants' motion, Young has failed to submit an opposing statement of material facts. The facts set forth in defendants' statement of material facts are therefore admitted for purposes of this motion. Although Young is representing himself, the Law Court has made clear that *pro se* litigants are not entitled to special consideration and that failures on their part to follow the rules of procedure on summary judgment will not be overlooked. *Dumont v. Fleet Bank*, 2000 ME 197 ¶ 13, 760 A.2d 1049, 1054.

---

[1] Also pending before the court is the issue of whether to transfer venue to Knox County. The court has deferred deciding on that issue because defendants' motion to dismiss and for summary judgment was filed in the meantime. If it were to reach the issue, however, the court would transfer this case to Knox. Plaintiff's only basis for objection is his belief that jurors in Knox County would be racist or sympathetic to defendants, but on this record, that is nothing more than speculation. There is no basis to conclude that, with the proper use of challenges for cause, an impartial jury cannot be empanelled in Knox County.

Although he has not filed an opposing statement of facts or any affidavits, Young has responded with unsworn statements to the effect, *inter alia*, that he was either deceived into not exhausting his remedies or that he was threatened with a loss of privileges if he pursued administrative remedies. Given Young's failure to file affidavits or opposing statement of material facts, these unsworn statements are insufficient to create a disputed issue of fact for trial.

The court agrees that 42 U.S.C. § 1997e(a) requires exhaustion and that Young's civil rights claims for damages under Section 1983 based on unexhausted claims must therefore be dismissed. The court also agrees that under *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), Young's only exhausted claim – that he was subjected to a racial slur by a guard[2] - does not state a claim for relief under Section 1983.

Moreover, as far as the court can tell, Young's sole claim for relief is under Section 1983. He has not alleged the use of physical force or violence or the threat of physical force or violence sufficient to state a claim under the Maine Civil Rights Act, 5 M.R.S. § 4682.

In one of his more recent submissions (a letter dated September 19, 2007) Young raises a new issue – whether he is improperly being denied a transfer back into his prior unit. As far as the court is aware, he has not exhausted his remedies as to that issue, and this court has not been converted into an ombudsman to consider all of Young's grievances just because he has filed an action for damages against prison employees.

It bears emphasis that this lawsuit seeks monetary damages from individual prison employees for alleged verbal slurs. Those claims are dismissed for the reasons previously stated. If Young's unsworn assertions are correct, Young may have some

---

[2] Whether the guard made a racial slur or merely used insensitive language while trying to be friendly is disputed. See Incident Report dated May 5, 2006 attached to McHattan affidavit.

basis to complain about the way the grievance system operates, about the delay of his transfer back to his prior unit, and about whether he has been subjected to retaliation for filing a grievance. *See DeWalt*, 224 F.3d at 619. However, those issues are not raised in his complaint, and any litigation on those issues should be brought in Knox County. The court does not reach those issues on this record.[3]

The entry shall be:

Defendants' motion to dismiss and for summary judgment is granted, and the complaint is dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     October _2_, 2007

_____
Thomas D. Warren
Justice, Superior Court

---

[3]  Given Young's failure to submit an opposing statement of material facts and affidavits to counter defendants' motion, the court does not reach the issue of whether – if the Department of Corrections wishes to insist on a requirement that inmates exhaust administrative remedies – it can simultaneously discipline or threaten to discipline inmates for allegedly abusing the same administrative remedy process, at least in the absence of a clear and convincing showing that frivolous claims are being administratively pursued.

JEREMIAH YOUNG
MAINE STATE PRISON
807 CUSHING ROAD
WARREN ME 04864

DIANE SLEEK AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333