*Tpw/Cumb 11/4/09*

<u>Chevalier v. Nexcycle/Returnable Services Inc.</u>, CV-08-724 (Superior Ct. Cumberland)

Defendant Nexcycle filed a motion for summary judgment on October 26, 2009. In response plaintiff Norman Chevalier sent two letters which, taking him at his word, demonstrate that he has made significant – but ultimately unsuccessful – efforts to obtain a lawyer to assist him in opposing the motion.

Mr. Chevalier's letter dated November 12, 2009 ends by stating that he has exhausted his efforts. He has not filed any timely opposition to Nexcycle's motion for summary judgment nor has he asked for an extension of time in which to do so. The court understands that Mr. Chevalier may believe that it is virtually impossible for a pro se litigant to frame a proper opposition to a motion for summary judgment,[1] and it is undoubtedly difficult for a person untrained in the law to navigate the Maine Rules of Civil Procedure.

However, the court is obliged to follow Law Court precedent that pro se litigants are required to comply with the applicable rules in responding to a motion for summary judgment. <u>E.g., Dumont v. Fleet Bank</u>, 2000 ME 197 ¶13, 760 A.2d 1049, 1055 (if proper procedure is not followed, pro-se litigant is not entitled to special consideration). In this case, Nexcycle is entitled to summary judgment because Chevalier has not filed any opposition to the motion for summary judgment, let alone an opposition complying with M.R.Civ.P. 56.

The entry shall be:

Defendant's motion for summary judgment is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 23, 2009

Thomas D. Warren
Justice, Superior Court

---

[1] However, it is the court's experience that some pro se litigants have successfully opposed summary judgment motions

ROBERT STOLT ESQ
PO BOX 1051
AUGUSTA ME 04332

NORMAN CHEVALIER
21 HANSON RIDGE ROAD
SANFORD ME 04073