STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                Docket No. CV-10-420
                                                7DW - CUM - 2  9 2011

BETH ANN DAVIS,

             Plaintiff

v.                                              ORDER

COMMUNITY PARTNERS INC. and
MAINE EMPLOYERS MUTUAL
INSURANCE CO.,

             Defendants.


Before the court is a motion by defendant Maine Employers Mutual

Insurance Co. (MEMIC) to dismiss and in the alternative for summary judgment.

Plaintiff Beth Ann Davis and defendant Community Partners Inc. previously entered

into a settlement, and MEMIC is the only remaining defendant in the case Ms. Davis is

representing herself in this action.


1. Motion to Dismiss

       For purposes of a motion to dismiss, the material allegations of the complaint

must be taken as admitted. The complaint must be read in the light most favorable to

the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that

would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be

dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under

any set of facts that he might prove in support of his claim. In re Wage Payment

Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217, 220.

However, the court may look beyond the pleadings in certain limited circumstances. Moody v. State Liquor & Lottery Commission, 2004 ME 20 ¶¶ 9-11, 843 A.2d 43, 47-48. "Official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." Id., 2004 ME 20 ¶ 11, 843 A.2d at 48.

In her complaint Ms. Davis alleged that both Community Partners and MEMIC breached the non-disclosure provisions of an April 2008 Settlement Agreement and Mutual Release that had resolved a discrimination claim made by Ms. Davis against Community Partners. The breach allegedly occurred in the course of a subsequent workers compensation proceeding brought by Ms. Davis against Community Partners Inc. when an attorney for MEMIC, which was the workers compensation insurer for Community Partners, submitted Ms. Davis's personnel file as an exhibit and then allegedly harassed Ms. Davis by seeking to delve into her psychiatric records. The complaint further alleges that the material in the personnel file was defamatory and disparaging.[1]

The April 2008 Settlement Agreement and Mutual Release, which is attached to Ms. Davis's complaint, is both central to her claims and referred to in her complaint. The court can accordingly consider that agreement in considering MEMIC's motion to dismiss.

---

[1] Although Davis's opposition to MEMIC's motion to dismiss and for summary judgment also contends that MEMIC is liable for tortious interference with contract, intentional infliction of emotional distress, and violations of the Americans with Disabilities Act, no such claims are asserted in her complaint.

2

The April 2008 Agreement provides in pertinent part that (1) in exchange for a specified sum Ms. Davis will release all discrimination, whistleblower and other claims against Community Partners (with the exception of workers compensation claims); (2) that with certain specified exceptions neither party will disclose the settlement agreement and the underlying facts and allegations; (3) that Ms. Davis will not engage in any disparagement of Community Partners; and (4) that Community Partners will remove certain specified documents from Ms. Davis's personnel file. Those documents are to be maintained separately and released only in accordance with federal and state laws requiring such release.

MEMIC is not a party to the Settlement Agreement and Mutual Release. No one from MEMIC signed that agreement. Ms. Davis does not allege that MEMIC ever agreed to be bound by that agreement. Ms. Davis does point out that the agreement states in its initial recitals that it is entered into between Ms. Davis and Community Partners Inc. "and its past, present and future divisions, parents, groups, subsidiaries, affiliates, successors, insurers, assigns and representatives" (emphasis added). However, persons or entities who have not signed or otherwise agreed to be bound by the terms of an agreement are not made subject to that agreement just because the agreement recites that that they are parties.

In the subsequent workers compensation proceeding, the attorney for MEMIC represented Community Partners. If his actions, as an agent for Community Partners, violated the provisions of the settlement agreement, Community Partners may have been liable for those actions.[2] However, Ms. Davis has settled with Community Partners

---

[2] The allegations in Ms. Davis's complaint are that the MEMIC attorney submitted the personnel file as an exhibit and then attempted to delve into Ms. Davis's psychiatric records. The submission of the personnel file arguably constituted a violation of the April 2008 settlement agreement if the documents specified in that agreement had not first been removed. There is

3

and does not on the face of her complaint have a cause of action for breach of contract against MEMIC.

Moreover, Ms. Davis's defamation claim against MEMIC also appears to be barred on the face of the complaint. The submission of a personnel file containing allegedly defamatory statements arguably constitutes the publication of defamatory material. However, there is an absolute privilege for an attorney's statements and other publications made in the course of litigation so long as the statements have a relation to the proceeding. Restatement, Second, Torts § 586. An employee's personnel file certainly has a relation to that employee's workers compensation claim. If there is any doubt on that score, that doubt is resolved by MEMIC's motion for summary judgment.

## 2. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

---

nothing in the April 2008 settlement agreement, however, that made Ms. Davis's psychiatric records off limits in a subsequent workers compensation proceeding.

4

In this case Ms. Davis has not responded to MEMIC's statement of material facts by submitting a separate statement of facts admitting, denying, or qualifying the factual assertions in MEMIC's statement of material facts and supporting any denials or qualifications with record citations to admissible evidence, as required by M.R.Civ.P. 56(h)(2) and (4). Accordingly, under M.R.Civ.P. 56(h)(4) the assertions set forth in MEMIC's statement of material facts, if properly supported, are deemed admitted.

This rule applies even though Ms. Davis is not represented by counsel. See Dumont v. Fleet Bank, 2000 ME 197 ¶¶ 12-13, 760 A.2d 1049, 1053-54 (status as pro se litigant does not excuse party from requirements of summary judgment rule).

With respect to Ms. Davis's defamation claim, MEMIC's statement of material facts adequately supports the assertion that the MEMIC attorney sent copies of several documents from Ms. Davis's personnel file relating to her termination to the employee advocate representing Ms. Davis, that the MEMIC attorney advised Ms. Davis's employee advocate that he intended to introduce those documents at the upcoming hearing, and that those documents were subsequently introduced at the hearing "without objection." MEMIC SMF ¶¶ 32, 33, 36, 37.

A review of the record supports the conclusion that the personnel documents had a relation to the workers compensation proceeding. Ms. Davis's workers compensation claim involved an alleged knee injury that she stated she incurred on April 28, 2005. That date was the same date Ms. Davis left work, allegedly without authorization, which was one of the stated reasons why she was terminated a week later – which in turn led to her filing of the discrimination claim. It was relevant for the MEMIC attorney to explore whether the knee injury (which the employer contended

5

had not been reported at the time) was a claim that Ms. Davis made because she had been terminated rather than because she had in fact suffered a work-related injury.[3]

Accordingly, to the extent that the introduction of documents from Ms. Davis's personnel file could have constituted a publication of defamatory material, that action was subject to an absolute privilege under Restatement, Second, Torts § 586. This is fatal to Ms. Davis's defamation claim.[4]

The uncontroverted statement of material facts submitted by MEMIC also supports the conclusion that MEMIC was not a party to the April 2008 settlement agreement, that MEMIC had never agreed to be bound by that agreement, and that the MEMIC attorney only learned of that agreement when Ms. Davis mentioned it in the course of the workers compensation proceeding.[5] On this record, there is no genuine issue for trial on Ms. Davis's breach of contract claim against MEMIC. It also appears that Ms. Davis did not suffer any economic harm as a result of the introduction of the personnel file documents, and emotional distress is not recoverable in contract actions.

3. Other Issues

Ms. Davis's complaint asserts that in the course of the workers compensation proceeding the MEMIC attorney breached the April 2008 settlement agreement by engaging in "harassment, intimidation, badgering, and disability exploitation" by

_____

[3] In the final analysis the Workers Compensation Hearing officer found that, although that Ms. Davis had a knee condition, she had not reported any injury to her employer before she was terminated, and the injury was not work related. Ms. Davis's petition for review was denied by the Law Court on September 28, 2010.

[4] As noted above, if the introduction of those documents constituted a breach of the April 2008 settlement agreement by an agent of Community Partners, that claim was extinguished when Ms. Davis settled her claim against Community Partners.

[5] Ms. Davis's papers suggest that she may believe this is not accurate, but she has not controverted ¶25 of MEMIC's SMF and she has not offered any affidavit or other admissible evidence inconsistent with MEMIC's assertion to that effect.

6

referring to and attempting to gain access to Ms. Davis's psychiatric records. Complaint, p. 2. As noted above, there is nothing in the April 2008 settlement agreement that makes Ms. Davis's psychiatric records off limits. Moreover, apart from any contractual claim, an attorney is not subject to liability if the attorney refers to or seeks access to an opposing party's psychiatric records in the course of litigation. Finally, when badgering and intimidation are alleged to have occurred in the course of an adversary proceeding, the remedy of the offended party is to seek recourse from the presiding judicial officer (in this case, the workers compensation hearing officer) rather than to bring a subsequent tort claim.

In fact, a review of the Workers Compensation hearings in this case[6] demonstrates the following: (1) that in explaining an earlier failure to appear for a hearing, Ms. Davis brought up that she had been hospitalized for psychological or emotional distress issues; (2) that she initially stated that those emotional distress issues "had a lot to do" with the injury for which she was seeking workers compensation, August 1, 2008 Tr. 20; (3) that when the MEMIC attorney began to explore that issue, Ms. Davis's employee advocate stated that Ms. Davis was not making a claim for any stress or emotional aggravation as a result of the injury, Tr. 21; (4) that the MEMIC attorney then moved to other subjects; (5) that at a subsequent hearing the issue came up again, with Ms. Davis stating that psychiatric stressors may exacerbate her condition, December 1, 2009 Tr. 121; (6) that Ms. Davis's employee advocate again stated that she was not making a claim for anything psychological, Tr. 122, and (7) that after an off the record conference the issue was not pursued.

There is also one time, during questioning on a different subject, when Ms. Davis's employee advocate objected that the MEMIC attorney was badgering the

---

[6] The transcripts have been submitted as exhibits to MEMIC's motion.

witness. December 1, 2009 Tr. 111. That objection was not upheld by the hearing officer. Id.[7]

In sum, claims of "harassment, intimidation, badgering, and disability exploitation" by an opposing counsel do not state a cognizable claim, and the workers compensation transcript demonstrates that in fact no untoward harassment, intimidation, badgering, or disability exploitation took place.[8]

Lastly, as noted above, Ms. Davis's opposition to the motion for summary judgment alleges for the first time that MEMIC should be held liable for tortious interference with contract, for intentional infliction of emotional distress, and for violation of the ADA. The short answer is that, under the scheduling order in this case, the deadline for amendments to the pleadings expired in March. At this point in the case it is too late to interject new causes of action.

The entry shall be:

The motion by defendant Maine Employers Mutual Insurance Co. to dismiss the claims asserted by plaintiff, or in the alternative for summary judgment on those claims, is granted and the complaint is dismissed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August ___19___, 2011

Thomas D. Warren
Justice, Superior Court

---

[7] The transcript reflects an objection from the employee advocate that counsel was "battering" (sic) the witness, followed by the hearing officer's statement, "Well, he was about to ask a question, go ahead."

[8] In her papers Ms. Davis asserts that at one point the MEMIC attorney also stated that he would seek to get access to her psychiatric records, but the court has not located any such statement in the transcript, and Ms. Davis has not offered any affidavit or other admissible evidence to support that assertion. In addition, she does not allege, let alone offer evidence, that the MEMIC attorney ever obtained access, improperly or otherwise, to any of her psychiatric records.

8

Plaintiff -
Beth Ann Davis
Pro Se

Community Partners-
Robert Brooks, Esq.

MEMI-
John chapman
ESQ.