STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-15-257

MALCOLM HALLIDAY and )
INGIGERDUR HALLIDAY, )
                          )
        Plaintiffs        )        ORDER ON DEFENDANTS'
                          )        MOTION TO DISMISS
                          )
v.                        )                **STATE OF MAINE**
                          )         **Cumberland, ss, Clerk's Office**
KATHRYN W. HENRY and      )
ROBERT N. CENTER          )
                          )                   **FEB 08 2016**
                          )
                          )            **RECEIVED**
        Defendants        )

Before the court is Defendants Kathryn W. Henry's and Robert N. Center's motion to dismiss. For the following reasons, Defendants' motion to dismiss is granted.

## I.   BACKGROUND

On June 27, 2013, Plaintiffs filed a Complaint against Defendants Kathryn Henry and Robert Center in Cumberland County Superior Court alleging statutory nuisance. The substance of the Complaint involved a house that was newly built on Defendants' property in Harpswell. Plaintiffs claimed, among other things, that the Defendants' modifications diverted water to Plaintiffs' property, allegedly causing damage over time.

Defendants filed a motion for summary judgment, which the Superior Court granted on August 12, 2014. Plaintiffs appealed and the Supreme Judicial Court of Maine ("Law Court") affirmed the Superior Court grant of summary judgment on May 12, 2015. Plaintiffs filed the present Complaint on June 8, 2015.

1

## II. DISCUSSION

### A. Standard of Review – Res Judicata

Defendants move to dismiss the Complaint as barred by res judicata or more simply, claim preclusion. Claim preclusion bars the relitigation of a claim if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action.'" *Johnson v. Samson Constr. Corp.*, 1997 ME 220, P6, 704 A.2d 866, 868 (citation omitted).

### B. Defendants' Motion to Dismiss

The first two prongs of the analysis can be dispatched easily. The present case involves precisely the same parties as were involved in the previous case. *See Def. Exh. A; Def. Exh. C.* Moreover, a valid and final judgment was entered in the previous case involving the same parties in the present action. *See Def. Exh. B.* The Superior Court granted summary judgment in favor of Defendants on August 12, 2014. The Law Court affirmed the Superior Court's grant of summary judgment on May 12, 2015. *See Def. Exh. B.*

As for the last prong of the analysis, the court is required to determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action, by utilizing what has been referred to as a transactional test to define the cause of action. *Id.*

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out [of] the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks

2

different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

*Dumont. V. Fleet Bank of Me.,* 2000 ME 197, P.6, 760 A.2d 1049, 1052.

The effect of the prior decision upon the present action is a question of law." *Id.,* citing *Currier v. Cyr,* 570 A.2d 1205, 1207-08 (Me. 1990).

Plaintiffs advance precisely the same set of facts that formed the predicate to the previous suit, which was litigated fulsomely, and resulted in a final judgment in Defendants' favor. The Plaintiffs now express displeasure with the decisions by the Superior Court and the Law Court. That does not change the ineluctable reality that the present suit arises out of the same aggregate of connected operative facts as the first case. This is true, notwithstanding the possibility that when viewed with the most imaginative interpretation, the present Complaint may raise different legal theories or may involve evidence different from that in the first case. For example, Plaintiffs claim that the Superior Court Justice, the Law Court Justices, the Defendants and their attorney have made false statements and committed perjury. Plaintiffs also allege that in the "summer of 2012," Defendants placed "impassible impediments" blocking access to their house and turn around. As to the latter, these claims were or could have been litigated in the prior case.

To the extent that Plaintiffs' claim of false statements by the Defendants in the prior case could be generously interpreted as a claim for civil perjury, the court's conclusion remains unchanged.

A claim of civil perjury is construed strictly. 14 M.R.S.A. § 870 (2007). *Bean v. Cummings,* 2008 ME 18, P.1, 939 A.2d 676, 677. The elements of a civil perjury claim

3

are (1) a judgment obtained against a party, (2) by the perjury of the witness, and (3) introduced at the trial by the adverse party. *Id.* The court has imposed a clear and convincing evidence standard of proof in civil perjury actions. Claims of perjury should not be submitted to a new factfinder solely on the same record as in the original trial. Newly discovered evidence has long been required in perjury cases. As such, Maine courts have long required newly discovered evidence in civil perjury cases and a heightened pleading requirement in such cases. *Id.* This is a recognition that while the "law abhors fraud and perjury, it also abhors interminable litigation." *Id.*

Plaintiffs proclaim that perjury occurred in the first case but does not plead those claims with particularity. Plaintiffs have failed to satisfy the heightened pleading standard articulated in *Bean* and as required by M.R. Civ. P. 9(b). *Id.* (affirming the holding that claim of perjury is a type of fraud and therefore subject to the heightened pleading standard set forth in M.R. Civ. P. 9(b)).

## III. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is granted.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 2/8/16

Lance E. Walker
Justice, Superior Court