STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-228

MARTINA SULLIVAN,

      Plaintiff

v.

ORDER

NATHANIEL WARREN-WHITE, et al.,

      Defendants

REC'D CUMB CLERKS OF
AUG 19 '21 AM8:14

Before the court is plaintiff Martina Sullivan's motion pursuant to Rule 60(b) for relief from the judgment in this case docketed October 20, 2020. That motion was filed before the Law Court directed entry of a *Spickler* order against Ms. Sullivan.

Ms. Sullivan's motion is based on Rule 60(b)(3), allowing relief from a final judgment for "fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Specifically, Ms. Sullivan contends that the Warren-Whites' expert misrepresented and altered evidence "relied on by both this Court in the Warren-White adverse possession case Docket No. RE-15-105 and their summery [sic] judgment case by changing the document or court-ordered description entitled 'old road description'." Ms. Sullivan's motion attaches a property description entitled "Description of the Portion of the 'Old Road' Crossing Warren-White Property."

The affidavit offered by defendants' expert witness in this case, John Schwanda, attached the exact same property description without the "Old Road" title. Exhibit B to Schwanda Affidavit dated May 8, 2019. This seems to be what Ms. Sullivan is referring to. The document attached to

the Schwanda affidavit, however, is a copy of the property description attached as Exhibit A to the Judgment entered September 8, 2017 in RE-15-105 by Justice Walker.

Other than the difference in the title of the property description, Ms. Sullivan has offered no further specification of any alleged fraud or misrepresentation. The attachment by Schwanda of the property description from Justice Walker's judgment in RE-15-105 – as opposed to the copy of the same property description attached to Ms. Sullivan's motion – was entirely proper and does not by any stretch of the imagination constitute fraud or misrepresentation. This is just another example, among many, of what the Law Court describes in its memorandum decision as Ms. Sullivan's continued "unwillingness to accept the settled judicial resolution of the boundary line" between her property and that of the Warren-Whites.

Ms. Sullivan's Rule 60(b) motion is denied as frivolous. The Warren-Whites have sought attorney's fees for the time spent in reviewing and responding to that motion. For reasons apparent from the Law Court's *Spickler* order and from this court's orders dated December 3, 2020 and July 9, 2019 the Warren-Whites are entitled to attorney's fees based on Ms. Sullivan's groundless and repetitive filings in her attempt to relitigate issues decided in prior litigation.

The Warren-Whites may file within 21 days an affidavit settling forth the hourly rate of their counsel, the time spent in opposing Ms. Sullivan's Rule 60(b) motion and in submitting their attorney's fees application, and the amount sought. Ms. Sullivan shall have 21 days from that filing to file any opposition to the amount sought.

The entry shall be:

1. Plaintiff Martina Sullivan's Rule 60(b) motion filed March 9, 2021 is denied.

2

2. Defendants Nathaniel and Elizabeth Warren-White are entitled to attorney's fees incurred in opposing Ms. Sullivan's Rule 60(b) motion and in submitting their attorney's fee application and shall submit an affidavit supporting the amount sought within 21 days.

3. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August __13_, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 08/13/21

mc/

Plaintiff-Pro Se
Defendants-Michael Vaillancourt, Esq.

3

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-18-228

MARTINA SULLIVAN,

       Plaintiff

v.

                              ORDER

NATHANIEL WARREN-WHITE, et al.,

       Defendants

The Law Court affirmed the judgment entered by this court in a Memorandum Decision on July 20, 2021. *Sullivan v. Warren-White*, Decision No. Mem. 21-62, Docket No. Cum-20-328. The mandate issued on August 3, 2021.

In its memorandum decision the Law Court remanded the case for entry of a *Spickler* order against plaintiff Martina Sullivan.

Accordingly, the court hereby orders that Martina Sullivan is enjoined from filing any pleadings or motions relating to Nathaniel Warren-White and/or Elizabeth Warren-White and any boundary dispute between Ms. Sullivan and the Warren-Whites or any other subject that has arisen in the prior litigation between Ms. Sullivan and the Warren-Whites without first obtaining prior approval by a Superior Court Justice.[1]

REC'D CUMB CLERKS OF
AUG 18 '21 AM8:14

---

[1] Ms. Sullivan filed a Rule 60(b) motion in this case on March 9, 2021, but that motion was filed prior to the Law Court's July 20, 2021 memorandum decision and was therefore is not subject to the *Spickler* order. The court is issuing a separate order on Ms. Sullivan's Rule 60(b) motion.

The entry shall be:

1. Plaintiff Martina Sullivan is enjoined from filing any trial court pleadings or motions relating to Nathaniel Warren-White and/or Elizabeth Warren-White and any boundary dispute between Ms. Sullivan and the Warren-Whites or any other subjects that have arisen in the prior litigation between Ms. Sullivan and the Warren-Whites without first obtaining prior approval by a Superior Court Justice.

2. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August **13**, 2021

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: *08/13/21*
*Mc*

Plaintiff–Pro Se
Defendants–Michael Vaillancourt, Esq.

2

MARTINA SULLIVAN,

      Plaintiff

v.

                                ORDER

NATHANIEL WARREN-WHITE, et al.,

      Defendants

REC'D CUMB CLERKS OFC
AUG 22 '19 PM2:03

Before the court is a motion for summary judgment by defendants Nathaniel and Elizabeth Warren-White.

This case is the continuation of a boundary dispute between plaintiff Martina Sullivan, who is now representing herself, and the Warren-Whites. In a prior case, *Warren-White v. Sullivan,* RE-15-105, the court (Walker, J.) ruled in a decision filed on August 18, 2017 that the Warren-Whites had established ownership by adverse possession of a disputed area along the boundary between their property and Sullivan's property in Freeport. In that action Sullivan was represented by counsel.

Judgment in RE-15-105 was entered on September 8, 2017, and the Law Court thereafter affirmed that judgment on May 3, 2018. Decision No. Mem. 18-38, Docket No. Cum-17-420.

Sullivan subsequently filed a Rule 60(b) motion for relief from the judgment in RE-15-105. That motion was denied by this court in a decision dated March 25, 2019. Sullivan then filed a motion for reconsideration of the denial of her Rule 60(b) motion. Her motion for reconsideration was denied in an order dated July 3, 2019. Sullivan is now appealing the denial of her motion for reconsideration to the Law Court.

While seeking relief from the decision rendered against her in RE-15-105, Sullivan filed the complaint in this action, alleging that the boundary line determined by the judgment in RE-15-

105 has been mismarked, that the Warren-Whites have erected what Sullivan calls a spite fence along the "mismarked" boundary, and that vegetation, shrubbery, and lilac trees on her side of the boundary have been cut by the Warren-Whites. The Warren-Whites filed counterclaims seeking, inter alia, a declaratory judgment that the boundary line has been correctly marked and damages for alleged trespasses by Sullivan on their property.

The initial proceedings in this action involved two unsuccessful motions for a preliminary injunction filed by Sullivan, both of which essentially consisted of attempts to continue relitigating the issues that were decided in RE-15-105.

In what their counsel described as an attempt "to fully and finally resolve this case," the Warren-Whites then moved for summary judgment.

## Legal Standard

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

The other principle applicable to this motion is that a self-represented litigant is not entitled to special consideration and is required to comply with the rules applicable to summary judgment the same as any other litigant. *E.g., Dumont v. Fleet Bank*, 2000 ME 197 ¶ 13, 760 A.2d 1049.

2

<u>Summary Judgment as It Relates to Sullivan's Claims</u>

The court concludes that Sullivan's response to the Warren-Whites' statement of material facts fails to adequately controvert the factual assertions on which the Warren-Whites have based their motion for summary judgment. Several of Sullivan's denials essentially reiterate her continuing disagreement with the judgment in RE-15-105.[1] More importantly, most of Sullivan's denials of the assertions in defendants' SMF are based on citations to unsworn and unauthenticated documents and photographs.[2] To controvert properly supported assertions in a motion for summary judgment, a party must offer evidence in the form of sworn deposition testimony, sworn answers to interrogatories, sworn affidavits, or documents authenticated by and attached to an affidavit that meets the requirements of Rule 56(e). *See Cach LLC v. Kulas,* 2011 ME 70 ¶ 11, 21 A.3d 1015. In those few instances where Sullivan has submitted affidavits, those affidavits do not contain admissible evidence demonstrating that there is a genuine issue for trial.

Looking to the crucial issues in this case, the Warren-Whites have submitted evidence in the form of an affidavit from surveyor John Schwanda of the Owen Haskell surveying firm that surveyors under his supervision correctly marked the boundary line determined by the judgment in RE-15-105. Schwanda Aff. ¶ 8, cited in Defendants' SMF ¶ 7. Sullivan denied Defendants' SMF ¶ 7 and cited four things: an April 5, 2019 affidavit from surveyor Kevin Libby, two versions of a May 2019 survey prepared by Libby, and an unsworn August 7, 2018 letter from Libby.

Libby's affidavit and his May 2019 survey do not address any inaccuracies in the boundary set by Schwanda. Libby's affidavit is addressed to the boundary as determined by the court in RE-

---

[1] E.g., "Plaintiffs' Opposing Statement and Responses to Defendants Material Fact Summary Judgment Request," dated May 29, 2019 (cited hereafter as Plaintiff's SMF) ¶¶ 4-6, 10, 11.

[2] E.g., Plaintiff's SMF ¶¶ 5, 6, 8-11, 13, 15-18.

3

15-105, stating (1) that "additional research" will be required with respect to an old roadway along the disputed boundary and (2) that there are some "discrepancies" in connection with the Warren-Whites' claim of adverse possession. These are issues on which Sullivan is now collaterally estopped.

The only item that addresses any inaccuracy in the boundary as set by Schwanda is Libby's unsworn August 7, 2018 letter which states that he found some "slight discrepancies" between the boundary line set by Schwanda and the judgment – ranging from .18 feet (2.1 inches) in Sullivan's favor at one place to .76 feet (9.1 inches) in the Warren-Whites' favor at another place. This letter does not constitute admissible evidence for purposes of Rule 56(e) and does not generate a disputed issue for trial.

Similarly, the Warren-Whites have offered evidence to support their assertion that they did not clear any vegetation on Sullivan's side of the boundary line determined in RE-15-105 and have not entered Sullivan's property. E. Warren-White Aff. ¶¶ 15, 18; N. Warren-White Aff. ¶ 16, cited in Defendants' SMF ¶ 10, 15. Sullivan denied Defendants' SMF ¶¶ 10 and 15 but did so based on her claim that the boundary was inaccurately set. In support of her denials she has not cited any evidence admissible under Rule 56(e). Sullivan has not generated a genuine issue for trial as to any alleged incursions by the Warren-Whites.

The remaining issue concerns Sullivan's claim that a fence erected by the Warren-Whites on their side of the boundary line constitutes a spite fence under 17 M.R.S. § 2801.[3] There is no

---

[3] As far as the court can tell, Sullivan does not contend that the fence encroaches on her side of the boundary. In any event, the summary judgment record establishes that the fence is set back 12 to 18 inches from the boundary line set by Schwanda. Defendants' SMF ¶ 11. Even if the court were to consider the "slight discrepancies" mentioned in Libby's August 7, 2018 letter, the maximum discrepancy he alleges is 9.1 inches – not enough to reach the fence.

4

dispute that there was previously a fence between the Warren-White and Sullivan properties, Defendants SMF ¶ 8 (admitted), but Sullivan objects to the fence that has now been installed.

In order to establish that a fence is a spite fence under 17 M.R.S. § 2801, there has to be a showing that the fence "unnecessarily" exceeds 6 feet in height and " and is "maliciously kept and maintained for the purpose of annoying the owners and occupants of adjoining property." In this case it appears that the fence is approximately 7 feet high, but the Warren-Whites have offered evidence that they did not install the fence to annoy Sullivan. According to their affidavits, they installed the fence for privacy and because Sullivan had previously bitterly complained that she did not like looking at the items in their back yard and the lighting at the back of their house.[4] E. Warren-White Aff. ¶ 9; N. Warren-White Aff. ¶ 9, cited in Defendants' SMF ¶¶ 9, 12, 14.

In denying Defendants' SMF ¶¶ 12 and 14, Sullivan cites to her own affidavit, apparently referring to a document entitled "Motion Opposing Defendants Request for Summary Judgment," which consists of a three paragraph affidavit sworn to by Sullivan on May 29, 2019. In that document Sullivan states that the Warren-Whites "were well aware of Sullivan's great concerns with her view from her backyard and keeping that view area open to the fields and trees." She also states that at one point there had been discussions of a stone wall and of a four foot split rail fence. While Sullivan contends that means that the fence "could only be for the purpose of annoyance and maliciousness" (¶ 5 of "Additional Facts" listed in Plaintiff's SMF), she has not demonstrated a disputed issue for trial on this issue for several reasons.

First, Sullivan does not explain how she has obtained personal knowledge of the Warren-Whites' alleged awareness of her "great concerns with her view from her backyard and keeping

---

[4] In an intemperate email to Elizabeth Warren-White in 2015, Sullivan had stated, "I am done looking at your used car parking lot, your flood lights, you staring at me while in my yard, your rotting boats, and your ugly colored red doors." E. Warren-White Aff. Ex. 2.

that view open to the fields and the trees." Rule 56(e) requires that affidavits "show affirmatively that the affiant is competent to testify to the matters stated therein."

Second, even if the Warren-Whites had been aware of Sullivan's concerns, they would be entitled to erect a fence if they had a reason to do so other than intending to annoy Sullivan. Sullivan has offered no evidence suggesting that the reasons stated by the Warren-Whites were a subterfuge. In fact, elsewhere in her opposition to summary judgment Sullivan complains that "even with the Defendants' new oversized fence" she is able to see too much of the Warren-Whites' property. Plaintiffs' SMF ¶ 8.

Finally, the summary judgment record demonstrates that the fence in question is not primarily placed to block Sullivan's view of "the fields and the trees" but runs between Sullivan's residence and the Warren-Whites' residence and then continues out along the boundary set in RE-15-105.

Sullivan's SMF includes certain "Additional Facts" that are presumably offered pursuant to the last sentence of M.R.Civ.P. 56(h)(2). The only one of the assertions in her "Additional Facts" that is accompanied by a record citation is paragraph 5, which has been addressed above. The factual assertions in paragraphs 1-4 of Sullivan's "Additional Facts" are not accompanied by any record citations and must therefore be disregarded.

Sullivan also contends, in a letter dated June 27, 2019, that the Warren-Whites have not provided all the discovery she has requested, and she mentions in ¶ 2 of her "Additional Facts" that it would be "helpful" to depose Schwanda. Defense counsel has responded that all of the requested documents have in fact been provided. In any event, if Sullivan is contending that she needed additional discovery in order to respond to the motion for summary judgment, her remedy

6

was to follow the Rule 56(f) procedure as outlined in *Bay View Bank N.A. v. Highland Golf Mortgagees Realty Trust,* 2002 ME 178 ¶ 22, 814 A.2d 449. She did not do so.

In sum, the Warren-Whites are entitled to summary judgment dismissing Sullivan's claims that the boundary line was not correctly set, that the Warren Whites have cut vegetation on Sullivan's property, and that the fence erected by the Warren-Whites is a spite fence.

## Summary Judgment as It Relates to Defendants' Counterclaims

For the reasons set forth above, Sullivan has failed to demonstrate that there are any disputed issues for trial as to whether the boundary line set by the Warren-Whites' surveyor was correctly set, and the Warren-Whites are therefore entitled to the declaratory judgment requested in count I of their counterclaims that the boundary line as set by Schwanda is consistent with the judgment in RE-15-105.

In count I of their counterclaims the Warren-Whites are also seeking an injunction preventing Sullivan from interfering with the use and enjoyment of their property and from trespassing on their property in the future. They have offered evidence that Sullivan has placed objects, including sawhorses, on their side of the boundary line and has erected a green tarp that is leaning against part of the fence. The green tarp is held in place by stakes that intrude over the boundary line and, according to the Warren Whites, are pushing against the fence, causing the fence to bow slightly. See record citations and photographs referred to in Defendants' SMF ¶¶ 16-18. Sullivan does not deny that she placed the items at or near the fence although she contends that deer displaced some of the items. Plaintiff SMF ¶¶ 16-18.

To be enforceable through contempt, an injunction must inform the person to whom the injunction is directed "in definite terms what duties the order imposes" upon her. *Lewin v. Skehan,*

7

2012 ME 31 ¶ 19, 39 A.2d 58. An injunction that broadly orders Sullivan not to interfere with her neighbors' use and enjoyment of their property does not appear to be sufficiently clear and specific. At this time therefore, the court will address only the specific incursions at issue in this case.[5]

Sullivan is ordered to remove any sawhorses or other objects that are located on the Warren-Whites' side of the boundary line between her property and that of the Warren-Whites, including any tarps and any stakes holding tarps in place. Sullivan is also ordered not to place any objects, including any tarps or stakes, on the Warren-Whites' side of the boundary line or against the fence along the boundary.

Although the Warren-Whites' summary judgment motion appears to seek judgment on all of their counterclaims, they have not offered any evidence or argument with respect to the monetary damages sought in counts II and III of their counterclaim. Accordingly, those claims remain to be resolved.

The entry shall be:

1. Defendants' motion for summary judgment is granted with respect to the claims against them in plaintiff's complaint, and plaintiff's complaint is dismissed.

2. Defendants' counterclaim for declaratory relief is granted, and judgment is entered declaring that the boundary line set on the face of the earth by the Owen Haskell land surveying firm on or about October 5, 2017 is consistent with the boundary established by the judgment entered on September 8, 2017 in *Warren-White v. Sullivan,* Docket No. RE-15-105 (Maine Superior Court, Cumberland County).

3. Within 10 days of the date of this order, plaintiff Marina Sullivan is ordered to remove any sawhorses or other objects that are located on defendants' side of the boundary line between Sullivan's property and the property of defendants, including any tarps and any stakes holding tarps in place. Sullivan is also ordered not to place any objects, including any tarps or stakes, on the defendants' side of the boundary line or against the fence along the boundary.

---

[5] The Warren-Whites have not offered evidence of trespassing by Sullivan other than the placement of the objects referred to above. If they are able to offer such evidence in the future, they may be entitled to additional injunctive or other relief.

8

4. Counts II and III of defendants' counterclaim remain for trial.

5. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August **22**, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: _8/23/19_

_hc/_

**Plaintiff-Pro Se**
**Defendants-Michael Vaillancourt, Esq.**

9

STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    DOCKET NO. RE-18-228


MARTINA SULLIVAN,

            Plaintiff

v.                                                  ORDER


NATHANIEL WARREN-WHITE, et al.,                     REC'D CUMB CLERKS OF(
                                                    JUL 9 '19 AM8:55
            Defendants


Before the court is a renewed motion for a preliminary injunction by plaintiff Martina

Sullivan and a motion for sanctions by defendants Nathaniel and Elizabeth Warren-White.[1] The

court denied a prior motion by Sullivan for a preliminary injunction on March 26, 2019.

This case is a further chapter in a boundary dispute between Sullivan and the defendants

that was previously litigated in *Warren-White v. Sullivan*, RE-15-105. That case resulted in a

decision against Sullivan filed on August 18, 2017 and a judgment filed on September 8, 2017

(Walker, J.). The judgment was subsequently affirmed by the Law Court on May 3, 2018. Decision

No. Mem. 18-38, Docket No. Cum-17-420.

Sullivan's renewed motion for a preliminary injunction, like her original motion, largely

relies on arguments that she has unsuccessfully advanced in connection with a Rule 60(b) motion

in RE-15-105. The court originally denied the Rule 60(b) motion in RE-15-105 and has now denied

a motion by Sullivan to reconsider that denial.

To the extent that Sullivan is not simply attempting to relitigate the decision rendered

against her in RE-15-105, she alleges that the boundary line determined by the judgment in RE-

15-105 has been mismarked, that the defendants have erected what she calls a spite fence along

---

[1] The defendants have also filed a motion for summary judgment, and that motion remains under
advisement.

the "mismarked" boundary, and that vegetation, shrubbery, and small trees on her side of the boundary have been cut by the defendants.

However, other than her bare allegations, the only proof she has submitted in support of her renewed motion for a preliminary injunction is her one page sworn statement that "the following matters, facts, and things set forth here are true and correct to the best of my knowledge." Attached to that statement are three photographs and a copy of a motion for reconsideration that counsel for Sullivan filed with the Law Court after its decision affirming the judgment in RE-15-105.[2]

In and of themselves, the photographs do not support Sullivan's claim that the boundary has been mismarked. that the defendants have erected a spite fence, or that shrubbery has been cut on Sullivan's side of the · boundary. Moreover, Sullivan's submission of her motion for reconsideration of the Law Court decision merely underlines that she is primarily seeking to relitigate RE-15-105.

Parties who have already filed unsuccessful motions for a preliminary injunction are not entitled to keep filing similar motions. Moreover, Sullivan has not demonstrated in her motion that she has a likelihood of prevailing on the merits, which is the "sine qua non" of the four-part standard for entry of a preliminary injunction. *See National Organization for Marriage v. Commission on Governmental Ethics and Election Practices*, 2015 ME 103 ¶ 28, 121 A.3d 792. The court does not find, given the lack of evidence submitted, that an evidentiary hearing is called for. Accordingly, Sullivan's renewed motion for summary judgment is denied.

Based on Sullivan's resort to repetitive motions, defendants have filed a motion for sanctions under M.R.Civ.P. 11. They filed a similar motion in connection with Sullivan's motion for reconsideration of the denial of her Rule 60(b) motion in RE-15-105. In that case, because Sullivan was representing herself, the court denied the motion but warned Sullivan that if she

---

[2] Sullivan is representing herself in this action, but she was represented by counsel at the trial in RE-15-105 and on the appeal from Justice Walker's decision on the boundary dispute.

persists in filing repetitive and groundless motions, attorney's fees may be awarded to the Warren-Whites.

The renewed motion for a preliminary injunction was filed before that warning was given, and the court will therefore deny defendants' motion for sanctions in this case. However, Sullivan is now on notice in this case as well that if she persists in filing repetitive and groundless motions seeking to relitigate the issues in RE-15-105, the court will seriously consider imposing sanctions against her in the form of attorney's fees.

The entry shall be:

1. Plaintiff's renewed motion for a preliminary injunction is denied.

2. Defendants' motion for sanctions is denied.

3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _9_, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: _07/09/19_

Plaintiff-Pro Se
Defendants-Michael Vaillancourt, Esq.

3