## COMMUNITY TELECOMMUNICATIONS CORP.

v.

## Joseph A. LOUGHRAN.

Supreme Judicial Court of Maine.

Argued Nov. 15, 1994.

Decided Dec. 21, 1994.

Malcolm L. Lyons (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Benjamin Townsend, Portland, for plaintiff.

Mark Horton, Verrill & Dana, Portland, Todd S. Brilliant, New England Legal Foundation, Boston, for amici curiae.

Gordon H.S. Scott (orally), Eaton, Peabody, Bradford & Veague, P.A., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

ROBERTS, Justice.

Community Telecommunications Corporation (CTC) appeals from a judgment entered in the Superior Court (Kennebec County, *Chandler, J.*) in favor of Joseph A. Loughran in the amount of $93,576. CTC argues that the trial court improperly applied 26 M.R.S.A. § 626 (Supp.1994) because (1) Loughran's commissions were not wages within the meaning of the statute and (2) if they were, the statutory penalty should not apply to the amount withheld to recover loans or advances made pursuant to Loughran's employment agreement. Because we agree with CTC's second contention, we modify the judgment and, as modified, affirm.

### I.

The basic facts on appeal are undisputed. Loughran was employed by CTC from 1985 through January 1991, selling telecommunications systems and service agreements. In 1988 Loughran signed an employment agreement that provided for a returnable draw of funds in the amount of $500 per week. The contract characterized the draws as loans to the employee against expected commission earnings. CTC was to collect the draws to a

zero balance at least once a year and at the end of Loughran's employment.[1]

Pursuant to the contract, CTC regularly withheld a portion of the commissions earned by Loughran, crediting those commissions against the outstanding balance owed to CTC. Loughran testified that he received periodic statements reflecting this activity in his draw account. Although he never signed any statement acknowledging the specific balance of his account, Loughran does not dispute that he owed CTC $19,124 at the end of his employment.

In 1988 Loughran sold large equipment and service contracts to the City of Portland and Guy Gannett Publishing Company. Because the two sales were unusually large, Loughran sought assurances from his immediate superior, Harold Purdy, that he would receive the usual commission percentage. Purdy agreed that Loughran would get the standard 8% commission. Moreover, Purdy agreed that Loughran was entitled to immediate payment of the commission, not only on the equipment sale, but also on the ten-year service contracts. The arrangement departed from the usual practice pursuant to which salespersons would receive commissions on service contracts in annual installments, as the customer renewed the contract. Because CTC was facing financial difficulty, Loughran agreed to take his service contract commissions in the usual manner, subject to the condition that he could demand the entire amount at any time. CTC paid Loughran commissions immediately on the equipment sold to the City of Portland and Guy Gannett Publishing.[2]

On December 17, 1990, Loughran demanded his entire commission on the two service contracts. On January 15, 1991, CTC rejected his demand and terminated his employment. Citing the employment agreement, it also informed him that he would be responsible for bringing his draw account to a zero balance.

CTC sued Loughran in the District Court to recover the $19,124 outstanding balance on his draw account. Loughran removed the case to the Superior Court and counterclaimed pursuant to 26 M.R.S.A. § 626[3] for the unpaid commissions plus penalties and attorney fees. At the trial the court found in favor of CTC on its claim for the balance of Loughran's draw account.[4] The court also

---

1. The agreement provided in pertinent part as follows:

   Effective June 10, 1987, the Employee elected to and agrees to continue to receive a "returnable" draw of funds in the amount of $500 per week; the Employee understands that such draws are in effect loans to the Employee against expected commission earnings, and will be collected (a) at least once a year (to a zero balance), and (b) when the Employee terminates employment; and that payment and collection of such draws will be made in accordance with established Company accounting procedures.

2. Loughran's right to demand payment of the service contract commissions was the primary issue at trial. Although CTC challenged the existence of such an agreement at trial, it now concedes that there is competent evidence in the record to support the trial court's finding that such an agreement existed.

3. 26 M.R.S.A. § 626 (Supp.1994) provides in pertinent part:

   An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid, provided that any overcompensation may be withheld if authorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee....

   ....

   In any action for unpaid wages brought under this subchapter, the employer may not deduct as a setoff or counterclaim any money allegedly due the employer ... provided that any overcompensation may be withheld if authorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee....

   An action for unpaid wages under this section may be brought by the affected employee or employees or by the Department of Labor on behalf of the employee or employees. An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

4. Loughran does not challenge the finding in favor of CTC and has never disputed his draw account balance.

found that CTC owed Loughran $30,224 in commissions on the two service contracts pursuant to Loughran's agreement with Purdy. The court trebled the amount due to Loughran prior to deducting the amount due to CTC.

■ In a motion to amend the judgment, CTC argued that section 626 allowed it to withhold the outstanding balance of Loughran's draw account. In CTC's view, the employment agreement was sufficient evidence of the advances to Loughran within the meaning of section 626. Accordingly, it maintained that $19,124 should have been deducted from the amount awarded to Loughran prior to trebling. The Superior Court denied the motion on the ground that the employment agreement did not contain evidence of a specific amount. On appeal CTC contends that the trial court erred in concluding that the commissions are wages and that the employment agreement was insufficient evidence of a $19,124 loan or advance to Loughran. We review the trial court's interpretation of the statute for errors of law. *See Fraser v. Barton,* 628 A.2d 146, 148 (Me.1993).

## II.

■ CTC contends that commissions are not wages within the meaning of section 626. We disagree. A broad definition of wages to include commissions is in keeping with the protective purpose of the act. Moreover, our view is in keeping with authority from several other jurisdictions. *See, e.g., Hofer v. Polly Little Realtors, Inc.,* 543 P.2d 114, 116 (Co.App.1975); *Licocci v. Cardinal Assocs.,* 492 N.E.2d 48, 56 (Ind.App.1986); *Brown v. Navarre Chevrolet, Inc.,* 610 So.2d 165, 169 (La.Ct.App.1992); *Hekker v. Sabre Constr. Co.,* 265 Or. 552, 510 P.2d 347, 351 (1973).

■ CTC also contends that it was entitled to deduct the balance of Loughran's draw account. Section 626 generally requires employers to pay employees the full amount of wages due on completion of employment. The statute provides, however, that employers may deduct any loan or advance against future earnings or wages that is "evidenced by a statement in writing signed by the employee." *Id.* The question presented, therefore, is whether the 1988 employment agreement signed by Loughran is sufficient evidence of a loan or advance to Loughran against future wages. We answer that question in the affirmative.

■ The purpose of section 626 is to provide a broad guarantee of prompt payment of wages to all employees on termination. *See* L.D. 547, Statement of Fact (115th Legis.1991). Mindful of the Legislature's broadly protective purpose, we construe narrowly the exception to the broad requirement of payment in full. The employment agreement at issue in this case is within the exception, even as narrowly construed. The agreement specifically characterized the periodic draws as "loans to the employee against expected commission earnings." It set forth a weekly amount, $500, to which Loughran was entitled. It also provided for a specific method of repayment. The draws were to be collected by CTC at least once a year and at the termination of Loughran's employment "in accordance with established Company accounting procedures." Throughout Loughran's employment, CTC withheld portions of his earned commissions in order to reduce the balance on his draw account. Loughran testified that he received periodic reports of the balance of the draw account and deductions from his commissions, which he presumably was free to check against his own records.

On this appeal, Loughran contends that the employment agreement does not comply with the statute because it does not contain an amount due on his termination. Contrary to his contention, the language of the statute does not require the written statement signed by the employee to include a specific amount. It is sufficient that the employment agreement in this case incorporated by reference the procedure by which the balance of the loan could be computed at any time. Loughran was familiar with that procedure and CTC kept him apprised of his draw account balance.

■ On these facts the employment agreement brings the $19,124 outstanding balance of the draw account within the narrow excep-

 

tion to the statutory requirement of payment in full. CTC violated the statute only to the extent that it withheld more than the statute allowed. Because Loughran's recovery pursuant to 26 M.R.S.A. § 626 is limited to three times the amount of wages withheld in violation of the statute, plus costs, the trial court erred in trebling more than the wrongfully withheld amount. The proper calculation is as follows:

|  | $30,224 | total amount withheld |
| less | 19,124 | amount properly withheld |
|  | $11,100 | amount wrongfully withheld |
| times | 3 | trebled |
|  | $33,300 | proper amount of treble damages |

The entry is:

Judgment modified to reduce Joseph A. Loughran's recovery to $33,300 plus interest, costs, and attorney fees; and, as modified, the judgment is affirmed.

All concurring.