Elmer SCHLESSMAN

v.

TRANS COASTAL CORP.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1994.

Decided Dec. 21, 1994.

Laurie Anne Miller, Ferris, Dearborn & Willey, Brewer, for plaintiff.

Sidney H. Geller, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

ROBERTS, Justice.

Elmer Schlessman appeals from a judgment entered in the Superior Court (Penobscot County, *Mills, J.*) affirming a judgment entered in the District Court (Newport, *Clark, A.R.J.*) in favor of defendant Trans Coastal Corporation. Pursuant to 26 M.R.S.A. § 626 (Supp.1994),[1] Schlessman, a former employee of Trans Coastal, sought to recover $512.56 in wages withheld from his final paycheck plus statutory penalties, costs, and attorney fees. Schlessman argues that the Superior Court erred in holding that an endorsed negotiable instrument payable to Schlessman was sufficient evidence of a loan or advance to immunize Trans Coastal from liability for unpaid wages pursuant to 26 M.R.S.A. § 626. We agree, and accordingly vacate the judgment.

## I.

Trans Coastal employed Schlessman as an interstate truck driver for a brief period during the summer of 1990. In August 1990, Schlessman was involved in an accident in Texas. He called Raymond Veilleux, the owner of Trans Coastal, to inform him of the accident. He told Veilleux that the owner of the other vehicle was willing to settle all claims against Trans Coastal for $500. Schlessman concedes that pursuant to company policy he was responsible for paying the $500.

Veilleux agreed to send $500 to Schlessman to settle the claim. He wired funds to the Texas truck stop where Schlessman waited. When the personnel at the truck stop received the necessary authorization from Veilleux, they issued a negotiable instrument, called a Com–Check, to Schlessman in the amount of $500, less a small transaction fee. Schlessman then endorsed the instrument in favor of the party with whom he had reached a settlement.

Before the day when Schlessman was to be paid for his trip to Texas, Veilleux instructed the payroll clerk to deduct the $500 advance from Schlessman's payment for the trip. The payroll clerk forgot to do so, and Schlessman received two checks totaling $512.56. Two days after receiving the checks, Schlessman resigned his position at Trans Coastal. When Veilleux learned of the bookkeeper's error and Schlessman's resignation, he stopped payment on the two checks.

On December 19, 1990, Schlessman sued Trans Coastal for the withheld amounts, plus statutory penalties and costs, pursuant to 26 M.R.S.A. § 626. The District Court entered a judgment for Trans Coastal, finding that the stopped checks were not payment for wages. On appeal the Superior Court found that the District Court's finding was incorrect but that its ultimate conclusion was

---

1. 26 M.R.S.A. § 626 (Supp.1994) provides in pertinent part:

An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid, provided that any overcompensation may be withheld if authorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee. . . .

. . . .

In any action for unpaid wages brought under this subchapter, the employer may not deduct as a setoff or counterclaim any money allegedly due the employer . . . provided that any overcompensation may be withheld if au-

thorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee. . . .

An action for unpaid wages under this section may be brought by the affected employee or employees or by the Department of Labor on behalf of the employee or employees. An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

proper.[2] It accepted Trans Coastal's argument that the Com–Check, endorsed by Schlessman, was sufficient evidence of a loan or advance within the meaning of section 626.

## II.

26 M.R.S.A. § 626 requires the employer to make payment in full to employees upon termination of employment. It allows employers to withhold any loan or advance against future earnings or wages, but only if the loan or advance is "evidenced by a statement in writing signed by the employee." *Id.* The question presented by this case is whether the Com–Check payable to Schlessman, which he endorsed in favor of the accident victim, is a sufficient statement in writing. We conclude that it is not.

The issue in the instant case is similar to one presented in *Community Telecommunications Corp. v. Loughran,* 651 A.2d 373 (Me.1994). In *Loughran,* we observed that the purpose of section 626 is to provide a broad guarantee of prompt payment of wages to all employees on termination of their employment. *Id.,* at 376. Construing the exception for loans and advances narrowly in order to protect the legislative purpose, we nonetheless determined that the employment agreement at issue in *Loughran* was a sufficient writing. That agreement specifically set forth a system whereby the employee would receive advances against future commissions, clearly characterizing the amounts to be advanced as loans against future earnings. The agreement incorporated by reference a specific company procedure for collecting the loans, which included withholding amounts owed from the employee's paychecks.

The writing that Trans Coastal offers in this case shares none of those features. The Com–Check did not indicate whether the amount advanced was to be repaid at all or by whom it was to be repaid. It did not authorize Trans Coastal to withhold amounts from Schlessman's paycheck. The check revealed nothing about the character of the advance or the purpose to which the funds were to be applied. It was merely a check for an indeterminate purpose payable to Schlessman. In these circumstances, the Com–Check is not a statement in writing evidencing a loan or advance.

The entry is:

Judgment vacated.

Remanded with instruction to vacate the judgment of the District Court and remand to the District Court for the entry of a judgment for Elmer Schlessman in the amount of $1537.93 plus interest, costs, and attorney fees.

All concurring.

withheld money represented wages.

---

**2.** On this appeal Trans Coastal does not challenge the Superior Court's determination that the