2007 ME 11

### CLEARWATER ARTESIAN WELL CO., INC.

v.

### Claudia LaGRANDEUR.

Supreme Judicial Court of Maine.

Submitted On Briefs: Dec. 20, 2006.

Decided: Jan. 16, 2007.

Rita M. Farry, Esq., Kimmel & Beach, Kennebunk, for plaintiff.

Gregory O. McCullough, Esq., Sanford, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] This case requires us to determine whether a foreign corporation suing in Maine has an affirmative obligation pursuant to the Maine Business Corporation Act, 13–C M.R.S. § 1502(1) (2005), to plead and prove that it is authorized to transact business in Maine in order to sue and recover judgment. We answer this question in the negative, as did the District Court (Springvale, *Foster*, J.) and, accordingly, affirm the summary judgment the court entered in favor of Clearwater Artesian Well Co., Inc.

## I. BACKGROUND

[¶ 2] Clearwater, a New Hampshire corporation with a place of business in Rollinsford, New Hampshire, commenced this action against Claudia LaGrandeur in September 2005 to recover $2850, which it claimed LaGrandeur owed for a well and pump package installed on LaGrandeur's property in Shapleigh. LaGrandeur, acting without counsel, answered the complaint, and Clearwater then moved for summary judgment. LaGrandeur failed to file an opposition to the motion for summary judgment, and the District Court granted the motion, awarding Clearwater the amount in dispute, along with pre-and post-judgment interest and costs.

[¶ 3] LaGrandeur, then represented by counsel, filed a notice of appeal and a motion for relief from judgment pursuant to M.R. Civ. P. 60(b) based on arguments that (1) the judgment was void and should be set aside because the court overlooked the requirements of 13–C M.R.S. § 1502(1) as applied to Clearwater as a foreign corporation transacting business in Maine; and (2) she should be relieved from the judgment because she believed, mistakenly, that she would be given a two-hour hearing on the merits notwithstanding Clearwater's motion for summary judg-

ment. While LaGrandeur's Rule 60(b) motion was pending, she filed an untimely opposition to Clearwater's motion for summary judgment with a statement of material facts.

[¶ 4] Clearwater opposed LaGrandeur's Rule 60(b) motion, arguing that because it was a foreign corporation properly licensed with the State of Maine, no further authority was necessary to transact business within the State of Maine. The District Court denied LaGrandeur's motion. LaGrandeur then filed a motion to reconsider, arguing that she did not have a chance to file a reply memorandum pursuant to M.R. Civ. P. 7(e), and that Clearwater's licenses and registrations were insufficient to satisfy the statute and enable it to maintain its action against LaGrandeur. The District Court denied LaGrandeur's motion to reconsider. LaGrandeur filed this timely appeal.

## II. DISCUSSION

■■■ [¶ 5] LaGrandeur contends that because Clearwater engaged in business in Maine without the proper authorization, it was not entitled to maintain its action in Maine and was therefore not entitled to summary judgment. Clearwater counters that there is no authority for the proposition that it had an affirmative duty to present evidence of its authority to transact business in Maine in order to maintain its suit. We consider the interpretation of the requirements of the Maine Business Corporation Act de novo. *See Ashe v. Enter. Rent–A–Car*, 2003 ME 147, ¶ 7, 838 A.2d 1157, 1159.

[¶ 6] Pursuant to the Act, "[a] foreign corporation may not transact business in this State until the foreign corporation files an application for authority to transact business with the Secretary of State." 13–C M.R.S. § 1501(1) (2005). If a foreign corporation transacts business in this state without authority, it may not maintain a proceeding in any court of the state until it receives such authority. 13–C M.R.S. § 1502(1). "Transacting business in interstate commerce" does not constitute "transacting business" in the State of Maine. 13–C M.R.S. § 1501(2)(K). Thus, a foreign corporation may transact business in interstate commerce without authorization from the State of Maine and in doing so may maintain a proceeding in the state. 13–C M.R.S. §§ 1501(1), (2)(K), 1502(1).

■■■ [¶ 7] We have not previously addressed which party bears the burden to raise and prove a plaintiff foreign corporation's compliance or non-compliance with the Maine Business Corporation Act. However, in keeping with the principle that parties are generally not required to plead and prove their capacity to sue or be sued,[1] we hereby adopt the majority rule and hold that a foreign corporation is presumed to have complied with the statutes prescribing conditions precedent to its right to conduct business in the state. *See* 18 WILLIAM MEADE FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS §§ 8620–8622, 8630 (perm.ed., rev. vol.1999). It is therefore incumbent on the

---

1. Maine Rule of Civil Procedure 9(a) provides:

   It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party. When a party desires to raise an

   issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

defendant to raise by affirmative defense that the plaintiff, at the time of the institution of the action, is a foreign corporation doing business in the state without proper authority. To hold otherwise and require corporations to assert and then prove their capacity to sue in Maine's courts would needlessly complicate civil practice because a corporation's authority to sue is not a contested issue in most cases.

[¶ 8] Because LaGrandeur failed to properly oppose Clearwater's motion for summary judgment, she did not meet her burden of establishing that there was a genuine dispute of material fact as to her defense that Clearwater was not authorized to maintain its action, and the court did not err in denying her Rule 60(b) motion. We are also unpersuaded by LaGrandeur's argument that the court should have set aside the summary judgment based on her misunderstanding of the summary judgment process. As we have repeatedly held, self-represented litigants are afforded no special consideration in procedural matters, and we see no basis to deviate from that approach in this case. *See, e.g., Dumont v. Fleet Bank of Me.,* 2000 ME 197, ¶ 13, 760 A.2d 1049, 1054. We also find no abuse of discretion in the court's denial of LaGrandeur's motion to reconsider. We decline to impose sanctions pursuant to M.R.App. P. 13(f) as requested by Clearwater, however, because we have not previously addressed the precise question presented by this case.

The entry is:

Judgment affirmed.