STATE OF MAINE
Cumberland. ss. Clerk's Office

JUN 16 2016

RECEIVED



STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-109

CRAIG BROWN,

      Plaintiff

v.

                                          ORDER

AMICA INSURANCE CO., et al,

      Defendants

Before the court are a motion for summary judgment by defendant Amica Insurance Co. and a cross-motion for summary judgment by plaintiff Craig Brown. These motions have been complicated by a series of repetitive and confusing filings and amended and revised filings by Brown. By order dated March 11, 2016, the court attempted to unravel the status of the case and explained how it would address the motions.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

This case is complicated because Brown's most recent submissions include two Rule 56(h) statements, but his statement of material facts in opposition to Amica's motion, dated

February 6, 2016, does not begin its responses to Amica's statement of material facts with the words "Admitted", "Denied" or "Qualified," as required by Rule 56(h)(2). However, denials and qualifications of Amica's numbered paragraphs are set forth in Brown's Amended Opposition to Amica's motion dated February 6, 2016 at 3-6. Those are not accompanied by citations to the record, but citations to the record are set forth in Brown's statement of material facts in opposition to Amica's motion and Brown's statement of material facts in support of his cross motion.

Following its March 11, 2016 order and rather than attempting to decide these motions on technicalities, the court has reviewed Amica's statement of material facts, Brown's two amended statements of material fact dated February 6, 2016, the affidavit of John Martin, sworn to December 23, 2015 and the affidavit of Craig Brown sworn to January 25, 2016. The court concludes that there are disputed issues of fact that preclude summary judgment on the issue of whether Amica violated a duty to defend Brown in Knox Docket RE-09-10 and that require the denial of both Amica's motion and Brown's cross-motion.

Specifically there is a factual dispute between Brown and Martin as to whether Brown gave notice of the pendency of RE-09-10 to Amica before that case had been fully tried and was under advisement. If Brown did give notice, he may be able to prove that if Amica had provided him with representation in that lawsuit, he would have received a more favorable result.[1] That issue remains unresolved on the present summary judgment record. If Brown did not give notice until after the trial, he may nevertheless be able to argue that Amica should have provided him with representation on an appeal. That might depend on whether there was any reasonable basis

---

[1] Brown acknowledges that at one point he hired Attorney Steven Peterson to represent him in RE-09-10 and subsequently discharged Peterson and chose to represent himself. January 25, 2016 Brown affidavit ¶ 11. To what extent, if any, this would affect Brown's ability to prove that he was harmed by Amica's alleged failure to provide representation may be an issue at trial. Specifically, if Brown was able to retain counsel but chose not to do so, it is difficult to discern how he was damaged by Amica's alleged failure to provide representation.

2

on which to appeal. That issue also remains unresolved on the present summary judgment record.[2]

Brown continues to claim that Amica's duty to defend required it to offer representation to Brown in any affirmative state or federal lawsuits that Brown wished to initiate, in a protection from harassment proceeding initiated against Brown, and in a criminal prosecution for criminal mischief in which Brown was convicted on March 4, 2010. *State v. Brown,* CR-09-083 (Knox Superior Court). The court disagrees and has already ordered Brown to limit all future filings to his duty to defend claim relating to RE-09-10.

The court would add that to the extent that Brown is arguing that Amica owed him reimbursement for lost wages as part of its duty to defend, the court cannot find any basis for that contention in the Amica policy but reserves decision on that issue at this time. Moreover, to the extent that Brown wishes to argue that Amica had a duty to appeal in RE-09-10 because of his contention that Justice Hjelm did not have jurisdiction, the court has already ruled that this does not state a claim.

The entry shall be:

Defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment are denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[2] Brown's affidavit sets forth various points on which he contends an appeal should have been brought (Brown January 25, 20-16 Affidavit ¶ 13). Those are either legal conclusions or factual assertions that are not on personal knowledge or do not otherwise have an adequate foundation to be independently admissible under Rule 56(e). Presumably those are the same issues which Brown raised at trial or that he contends should have been raised at trial. For purposes of summary judgment, the court will accept Brown's assertion that he discussed those arguments with Martin in September 2010. However, the alleged merits of those arguments are not facts supported by adequate record evidence that must be found to be undisputed for purposes of summary judgment. *See* Rule 56(h)(4). Accepting Brown's version of events where not specifically controverted by Martin, therefore, the court finds that Brown's motion for summary judgment must be denied.

Dated: June 16, 2016

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                            CIVIL ACTION
                                                          Docket No. CV-15-109

STATE OF MAINE
Cumberland, ss. Clerk's Office

NOV 0 6 2015

RECEIVED

CRAIG BROWN,

          Plaintiff

v.                                                              ORDER


AMICA INSURANCE CO., et al,

          Defendants


Before the court is a motion to dismiss on behalf of defendant Amica Insurance Co.

Amica's motion was dated July 2, 2015 and filed on July 13, 2015. The motion is addressed to the amended complaint filed by plaintiff Craig Brown on May 26, 2015 after this court granted Amica's motion to strike the original complaint with leave to replead within 20 days. *See* order dated May 4, 2015.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *In re Wage Payment Litigation*, 2000 ME 162 ¶ 3, 759 A.2d 217.

In this case the task of discerning whether Brown has stated a cognizable claim against Amica is made difficult by Brown's penchant for prolix filings reiterating or attaching copies of pleadings in the many other cases which he has brought, all of which – as far as the court can tell – have been unsuccessful and which have resulted in an order enjoining Brown from filing any

other federal court actions without obtaining prior court permission in order "to prevent Brown from continuing to abuse the judicial process, from wasting judicial resources, and from wasting the resources of parties who must respond to his frivolous lawsuits." *Brown v. State of Maine*, 11-CV-426 JD, 2012 WL 5463087 (D. Me. Nov. 7, 2012).

Just because Brown appears to be fixated on pursuing various meritless claims, however, does not resolve the question of whether his amended complaint against Amica fails to state any claim upon which relief may be granted.

In considering Amica's motion to dismiss, the court has the benefit of Brown's homeowner's policy, which is contained in the record and also has the benefit of several of the pleadings in the cases upon which Brown bases his claim that Amica violated its duty to defend.[1] The court can consider those documents in connection with the motion to dismiss because they are central to plaintiff's claim. *See Moody v. State Liquor and Lottery Commission*, 2004 ME 20 ¶¶ 9-10, 843 A.2d 43.

At the outset the court finds nothing in applicable law or in Brown's homeowners policy that would entitle him to bring a claim based on an alleged violation of Amica's duty to defend in connection with criminal charges brought against Brown, in connection with a protection order obtained against Brown, or in connection with litigation that was initiated by Brown himself. This requires dismissal of the majority of the claims asserted in Brown's May 26, 2015 amended complaint against Amica. Similarly, Amica's duty to defend does not extend to somehow preventing Brown from engaging in "self help" or in defending Brown from alleged or

---

[1] Brown's homeowner's policy may be found in the record as Exhibit 5 to a motion for summary judgment filed by Brown against Amica on June 23, 2015. The most pertinent of the pleadings in question, the complaint in Knox RE-09-10, is annexed as Exhibit 11 to Brown's opposition to Amica's motion to dismiss.

2

imagined violations of Brown's rights when no lawsuits had been filed. *See* May 26, 2015 amended complaint ¶¶ 3-5.

However, there is one case in which – on the face of the pleadings – a colorable case can be made that Amica had a duty to defend. This was the case brought against Brown for trespass, to determine a boundary line, and for punitive damages in Knox County Superior Court. *Ferrara v. Brown*, Docket No. RE-09-10 (filed May 13, 2009). As far as the court can tell, that case appears to have resulted in a judgment for plaintiff against Brown, who was representing himself,[2] for trespass under 14 M.R.S. § 7551-B based on Brown's destruction of a fence. An award of actual damages and attorneys fees was entered against Brown. *See* Exhibit 13 to Brown's Opposition to Amica's motion to dismiss.

As far as the court can tell from a review of the homeowners' policy, Amica had agreed to defend Brown from claims alleging property damage as a result of an occurrence as defined under the policy. Moreover, although the complaint in RE-09-10 alleged that Brown "knowingly" committed a trespass, recovery under 14 M.R.S. § 7551-B would not necessarily have been excluded from coverage under Amica's policy because actual damages may be awarded under § 7551-B even if it is not proven that the defendant knew that he was on another's land. That in fact appears to have been the outcome in Knox RE-09-10. *See* November 9, 2010 Decision in RE-09-10 (annexed as Exhibit 13 to Brown's response to Amica's motion to dismiss) at p. 4. *See also* Liability Coverage Exclusion E at page 18 of the policy (exclusion for "expected or intended injury" does not apply to "property damage resulting from the use of reasonable force by an insured to protect . . . property").

---

[2] The docket sheet in RE-09-10 (exhibit 12 to Brown's Response to Amica's motion to dismiss) shows that Brown initially filed a pro se answer and counterclaim. Subsequently Attorney Steven Peterson filed an appearance for Brown. However, Peterson subsequently filed a motion to withdraw, which was granted. During the time when he was being represented by Attorney Peterson, Brown continued to file pro se pleadings.

3

An insurer's duty to defend is determined by comparing the allegations in the complaint with the insurance contract. *See, e.g., Mitchell v. Allstate Insurance Co.,* 2011 ME 133 ¶¶ 9-10, 36 A.3d 876. Comparing the complaint in Knox RE-09-10 with the Amica policy, Brown's amended complaint appears to state a claim against Amica.

At the same time, the court notes that other documents submitted by Brown appear to suggest that Amica has in fact paid for Brown's legal costs in RE-09-10 and the amount of the judgment against him. *See* Exhibit 10 to Brown's June 23, 2015 motion for summary judgment. Thus, if Amica had a duty to defend Brown, there is evidence in the record that it may not have violated that duty, particularly given what appears to be a factual dispute as to whether Brown properly notified Amica of the lawsuit. *See* May 26, 2015 Amended Complaint ¶ 7; Exhibit 10 to Brown's June 23, 2015 summary judgment motion. On a motion to dismiss, however, the court cannot draw any conclusions on the merits of Brown's claims or on any defenses that might exist.[3]

Brown also contends that Amica failed in its duty to defend him by not pursuing an appeal in RE-09-10. The court has not been presented with any Maine authority on whether and under what circumstances the duty to defend may include a duty to appeal. This is an issue that may depend, inter alia, on the terms of the applicable policy and on whether there were any reasonable grounds for appeal. Under its policy Amica had a right to settle any claims, which may encompass the right to pay a judgment rather than appeal. As noted above, there is evidence in the record that Amica paid Brown's legal costs and the amount of the judgment against him, and the docket sheet in RE-09-10 indicates that the judgment was fully satisfied and that no

---

[3] At the same time, the documents Brown himself has submitted with his June 23, 2015 motion for summary judgment establish that there are disputed issues of fact that require the denial of that motion.

appeal was taken. This may or may not have extinguished any duty to appeal that might have been owed. All of these issues, however, are for another day.

Brown alleges in his amended complaint that in addition to violating its duty to defend, Amica engaged in fraudulent conduct and violated its duty of good faith and its duties under the insurance code. Although Brown captions several of his allegations with terms like "fraud" and "bad faith," conclusory allegations are insufficient unless facts have been alleged to support them. The court has reviewed the factual allegations in the amended complaint and finds those to be wanting. By way of example, Brown's contention that Amica "fraudulently" declined to appeal the judgment in RE-09-10 "because Judge Hjelm did not have jurisdiction" (Amended Complaint ¶ 22) does not state a cognizable claim. There are no other allegations of fraud that have been stated with the requisite particularity under M.R.Civ.P. 9(b). Moreover, the factual allegations made by Brown also do not set forth a cognizable claim that Amica violated its duty of good faith.

In referencing the Insurance Code, Brown specifically cites to 24-A M.R.S. § 2152 but the only conceivably applicable provision in that subsection of the Insurance Code is 24-A M.R.S. § 2164-D, and there is no private right of action to enforce that section. *See* 24-A M.R.S. § 2164-D(8). Similarly, while Brown contends that Amica wrongfully declined to represent him in RE-09-10 because he had been charged with a crime, he does not allege that Amica "knowingly" misrepresented policy provisions but only that its employees failed to ask the correct questions. *See* Amended Complaint ¶ 7. Thus Brown has not alleged a cognizable violation of 24-A M.R.S. § 2436-A(1)(A).

Many of Brown's contentions that Amica breached its duty of good faith and its duties under the Insurance Code relate to affirmative lawsuits that Brown commenced or wished to

5

commence, but those are not encompassed by any duty to defend or any other obligation under Amica's policy.

Brown has included a claim for punitive damages against Amica but because his only surviving claim is for the violation of Amica's contractual duty to defend, his claim for punitive damages is dismissed. *Stull v. First American Title Insurance Co.*, 2000 ME 21 ¶ 17, 745 A.2d 975 (no matter how egregious the breach, punitive damages are not available on contract claims).

What this means is that Amica's motion to dismiss is denied as to the alleged violation of a duty to defend with respect to Knox Docket No. RE-09-10 and only Knox Docket No. RE-09-10. Amica's motion to dismiss will be granted with respect to all of Brown's other claims. Amica shall have until November 30, 2015 to file an answer to Brown's amended complaint.

Moreover, based on his meritless and repetitive attempts to relitigate or collaterally attack the results in litigations other than Knox RE-09-10, Brown is ordered not to file any further pleadings that reference any cases other than Knox RE-09-10. By filing and re-filing arguments about and copies of pleadings in his other cases (most or all of which appear to have been frivolous), Brown has sorely tested this court's patience.

A violation of this order may result in the imposition of sanctions including but not limited to the striking of any pleading containing references to other litigation – even if that results in striking pleadings that also bear on the merits of plaintiff's claims with respect to Knox RE-09-10.

The entry shall be:

1. Defendant Amica's motion to dismiss is denied with respect to plaintiff's claims for an alleged violation of a duty to defend in Knox Superior Court Docket RE-09-10.

6

2. In all other respects, Amica's motion to dismiss is granted.

3. Amica shall have until November 30, 2015 to file an answer to Brown's amended complaint.

4. Plaintiff's motion for summary judgment filed June 23, 2015 is denied.

5. Based on his meritless and repetitive attempts to relitigate or collaterally attack the results in litigations other than Knox RE-09-10, plaintiff is ordered not to file any further pleadings that reference any cases other than Knox RE-09-10. A violation of this order may result in the imposition of sanctions including but not limited to the striking of any pleading containing references to other litigation even if that results in striking pleadings that bear on the merits of plaintiff's claims with respect to Knox RE-09-10.

6. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: November 6, 2015

Thomas D. Warren
Justice, Superior Court

7

CRAIG BROWN
904 CRIPPLE CREEK
AUSTIN, TX. 78758
Pro Se Plaintiff




MARTICA DOUGLAS, ESQ.
DOUGLAS, DENHAM, BUCCINA & ERNST
103 EXCHANGE STREET
P.O. BOX 7108
PORTLAND, ME. 04112
Atty. for AMICA Insurance Company

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-109

CRAIG BROWN,

    Plaintiff

v.

                                ORDER

AMICA INSURANCE CO., et al,

    Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 09 2015

RECEIVED

Before the court is defendant PNC Bank's motion to dismiss. Plaintiff Craig Brown, who is representing himself, has filed an opposition to the motion combined with what he describes as a motion for summary judgment against PNC.

Brown's motion for summary judgment did not include any Rule 7(b)(1) statement so there is no current deadline for PNC Bank to respond to that motion. However, PNC's motion to dismiss has been briefed by both parties, PNC has not filed any reply memorandum, and PNC's motion to dismiss is properly before the court for decision.[1]

Brown's complaint against PNC is apparently based on the theory that PNC, which had lent money to Brown secured by a second mortgage on property owned by Brown, had a legal obligation to assist Brown when he ran into financial difficulties based on the boundary dispute and the other legal difficulties outlined in the complaint. Specifically Brown complains that PNC wrongfully denied Brown a HAMP modification on his mortgage.

---

[1] Brown was granted leave to file an amended complaint setting forth his claims against defendant Amica Insurance Co., and he has done so. Brown's claims against PNC Bank, however, are set forth in paragraphs 317-23 of the original complaint.

However, the First Circuit has held that borrowers have no right of action for damages against mortgage lenders for alleged failures to provide modifications of mortgage loans under HAMP or other alleged violations of HAMP service participation agreements between Fannie Mae and mortgage lenders. *Mackenzie v. Flagstar Bank FSB*, 738 F.3d 486, 491-92 (1st Cir. 2103). To the extent that Brown is seeking to claim a violation of an implied duty of good faith and fair dealing, no such implied duty exists between mortgagors and mortgagees under Maine law. *Camden National Bank v. Crest Construction Inc.*, 2008 ME 113 ¶ 18, 952 A.2d 213.

Finally, Brown's motion for summary judgment – submitted in opposition to PNC's motion to dismiss – suggests that PNC had some legal obligation to assist Brown with respect to the boundary dispute involving his property. This claim fails because Brown has not alleged any facts that would conceivably give rise to a legal obligation on the part of PNC to assist Brown.

Accordingly, Brown's complaint against PNC fails to state a claim and PNC's motion to dismiss is granted.

The entry shall be:

Defendant PNC Bank's motion to dismiss is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June _9_, 2015

Thomas D. Warren
Justice, Superior Court

2

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101


DAVID SOLEY ESQ     *Counsel for Fidelity (Dismissed)*
BERNSTEIN SHUR
PO BOX 9729
PORTLAND ME 04112-5029


CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101


JAY GREGORY ESQ     *Counsel for PNC Bank*
LECLAIRRYAN
ONE INTERNATIONAL PL 11TH FLOOR
BOSTON MA 02110

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

CRAIG BROWN      *Plaintiff*
36 STONEHURST DRIVE
CAMDEN ME 04843

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MARTICA DOUGLAS ESQ      *Counsel for Amica*
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-109

CRAIG BROWN,

Plaintiff

v.

ORDER

AMICA INSURANCE CO., et al,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 04 2015

RECEIVED

Before the court are three motions: (1) a motion to strike filed by defendant Amica Insurance Co.,[1] (2) a motion to dismiss filed by defendant Fidelity National Title Group, and (3) an application by plaintiff Craig Brown for a default against defendant PNC Bank.

Amica's Motion to Strike

Amica's motion to strike is based on the contention that the 61 pages and 309 paragraphs of plaintiff Craig Brown's complaint that are directed against Amica do not constitute a short and plain statement of claims showing that Brown is entitled to relief, *see* M.R.Civ.P. 8(a), and do not allow either Amica or the court to discern the basis of his claims. The court agrees.[2]

Brown's claims appear to arise from his unhappiness over the outcome of certain land disputes, civil litigation, and criminal charges in Knox County. His complaint consists of a long,

---

[1] Two other motions have been filed but are not yet fully briefed: a motion for a default judgment against defendant PNC Bank filed by plaintiff Craig Brown and a motion to dismiss filed by PNC.

[2] Brown filed an opposition to Amica's motion to strike on April 21 but may not have served counsel for Amica with that opposition because counsel for Amica wrote to the court by letter dated April 24 to state that Brown had not opposed the motion to strike within 21 days. Brown is again reminded that any documents that are filed or submitted to the court must be served on counsel for all parties who have appeared. *See* April 23, 2015 order ¶ 4.

disjointed, and partially incoherent diatribe of allegations against, *inter alia*, various law enforcement agencies, surveyors, lawyers who apparently represented Brown at one time, and various state and federal judges who issued rulings in his cases. Brown argues that all of the legal rulings against him should be subject to collateral attack and has filed a motion to that effect. However, he has not joined the parties to those prior legal actions, and the court has previously ruled that it will not entertain his motion to collaterally attack prior state and federal judgments in this action – which is seeking relief not against the parties to those prior actions but against Amica, Fidelity Title, PNC Bank, and Wells Fargo Bank. *See* April 23, 2015 order ¶ 7.

Although not readily discernable from Brown's complaint, the tortuous factual background of this case – and Brown's frequent recourse to litigation – is set forth in a federal district court decision that is attached to defendant Fidelity Title's amended motion to dismiss. *Brown v. State of Maine*, 11-CV-426 JD, 2012 WL 5463087 (D. Me. Nov. 7, 2012). The federal decision includes an order enjoining Brown from filing any further federal court actions without obtaining prior court permission in order "to prevent Brown from continuing to abuse the judicial process, from wasting judicial resources, and from wasting the resources of parties who must respond to his frivolous lawsuits."

In this case, as far as the court can discern, Brown appears to be alleging that Amica violated a duty to defend Brown under a homeowner's policy. It is, however, impossible to discern which of the various cases that are mentioned but not adequately identified in the complaint – including a criminal charge against Brown, an action for a protection order against Brown, a boundary dispute litigation, and four federal lawsuits initiated by Brown – are cases which Brown alleges triggered a duty to defend. Moreover, the court cannot discern any factual

2

basis for Brown's conclusory allegations that that Amica acted in bad faith or engaged in unfair competition, fraud, or "outrageous behavior."

Brown shall have leave to amend his complaint as against Amica to specify by docket number the actions against him which he contends Amica had a duty to defend and to clarify whether he is also contending that Amica's alleged duty to defend obligated Amica to undertake affirmative litigation on Brown's behalf. This pleading shall be limited to no more than 10 double-spaced pages and shall comply with 14 M.R.S § 52, which prohibits specifying the dollar amount of monetary damages sought.

## Fidelity Title's Motion to Dismiss

Brown's claims against defendant Fidelity National Title Group are far more succinct. He alleges that he contacted Chicago Title, which is apparently part of the Fidelity National Title Group,[3] and requested that Chicago Title provide legal representation and support for Brown's claims against Amica and his attempt to collaterally attack the judgment in Knox docket RE-09-10. Complaint ¶ 310. The Chicago Title policy is annexed to Brown's opposition to Fidelity Title's motion,[4] and the court can consider that policy because it is central to Brown's claim against Fidelity Title. *See Moody v. State Liquor and Lottery Commission*, 2004 ME 20 ¶¶ 9-10, 843 A.2d 43.

Nothing in the Chicago Title policy obligates Chicago Title to assist Brown in an action against his homeowner's insurance carrier. Moreover, Brown's apparent contention that Chicago Title has an obligation to undertake a collateral attack against the judgment in RE-09-10 on

---

[3] The caption in this case names Fidelity National Title Group as a defendant and Fidelity National Title Group has appeared and has filed a motion to dismiss the claims directed at Chicago Title without contending that plaintiff has sued the wrong entity.

[4] See Exhibit 5 to Brown's opposition dated April 20, 2015.

3

Brown's behalf ignores the threshold issue of whether Chicago Title was notified of the suit in RE-09-10 in a timely fashion. If Chicago Title was not promptly notified, its obligations to Brown terminated pursuant to Paragraph 3 of the policy. Although it is not entirely clear, Brown's complaint appears to suggest that Chicago Title was not notified. *See* complaint ¶ 312.

Accordingly, Brown's complaint shall be dismissed as against Fidelity National Title Group without prejudice to his right to amend if the facts can support an allegation that he promptly notified Chicago Title of the claims in RE-09-10 before that action went to trial and before judgment was entered in that action.

## Application for Default Judgment

Brown's application for a default judgment against PNC Bank appears to be based on service by certified mail, which appears to have been delivered to a PNC office in Pittsburgh on April 1, 2015. The first problem with this application is that certified mail is not proper service under M.R.Civ.P. 4(d)(9) and 4(e). The second problem is that Brown's application suggests that he discussed giving PNC an extension of time to answer – although he now contends that he did so under false pretenses.

PNC has now appeared and filed a motion to dismiss. The Law Court has suggested that, when a party has appeared and is prepared to litigate the issues, only "serious instances of noncompliance with pretrial procedures" should lead to a default. *Design Build of Maine v. Paul*, 601 A.2d 1089, 1091 (Me. 1992). It is unclear whether there was any noncompliance with pretrial procedures in this case, but there were certainly no serious instances of noncompliance.

Brown's application for a default judgment is denied. Brown shall have until May 22, 2015 to oppose PNC's motion.

4

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

CRAIG BROWN
36 STONEHURST DRIVE
CAMDEN ME 04843

Plaintiff

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JAY GREGORY ESQ
LECLAIR RYAN
ONE INTERNATIONAL PLACE ELEVENTH FLOOR
BOSTON MA 02110

Attorney for Defendant
PNC Bank

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

DAVID SOLEY ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for Defendant
Fidelity National Title Group

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MARTICA DOUGLAS ESQ
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

Attorney for Defendant
Amica Insurance Co,

STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                Docket No. CV-15-109


CRAIG BROWN,

        Plaintiff

v.                                              ORDER

                                                STATE OF MAINE
                                                Cumberland, ss, Clerk's Office

AMICA INSURANCE CO., et al,
                                                APR 24 2015
        Defendants
                                                RECEIVED

        On April 21, 2015 plaintiff Craig Brown, who is representing himself, filed four motions –

(1) a motion for summary judgment against defendant Amica Insurance Co.; (2) a motion for

summary judgment against defendant Fidelity National Title Group; (3) a motion to collaterally

attack a judgment apparently issued in Knox RE-09-10 and what Brown refers to as his "SCR-

083-2009 misdemeanor conviction"; and (4) a motion for sanctions against unspecified court

officers and parties involved in the foregoing docket numbers and also in three federal court

cases.[1] The motion for summary judgment against defendant Fidelity Title is combined with an

opposition to Fidelity Title's pending motion to dismiss. Brown also filed a memorandum

opposing a pending motion to strike filed by defendant Amica.

        1. None of those documents reflect – either with cover letters showing copies sent to

opposing counsel or with certificates of service – that service has been made on all parties who

have appeared pursuant to M.R.Civ.P. 5(a). Defendant Amica and defendant Fidelity Title

appear to have been served and have appeared by counsel and filed motions. No returns of

---

[1] These are identified only as 2:10-CV-00063 GZS, 2:10-CV-00523 GZS, and 2:12-CV-00426 JAD.

[2] Although the caption of Brown's complaint lists certain named individuals at defendants Fidelity Title,

service have been filed with respect to two other named defendants, Wells Fargo Bank and PNC Bank, and the court assumes those parties have not been served.[2]

2. As far as the court can tell, Brown's motion for summary judgment against Amica and his combined opposition and motion for summary judgment on his claim against Fidelity Title do not bear original signatures.

3. Brown is directed to file within 10 days a certification that he has served his opposition to Amica's motion to strike, his combined motion for summary judgment against Fidelity Title and opposition to Fidelity Title's motion to dismiss, and his motion for summary judgment against Amica upon counsel for all parties who have appeared.

4. If he did not serve copies on counsel for all parties who have appeared, Brown is directed to serve those parties forthwith, and any deadlines for reply memoranda shall run from the date of service rather than from the date of filing.[3]

5. Brown is also directed to file within 10 days original signed signature pages for his motion for summary judgment against Amica and his combined opposition and motion for summary judgment against Fidelity Title. Otherwise those filings will have no legal effect. *See Petit v. Lumb,* 2014 ME 117, 103 A.3d 105.

6. Amica and Fidelity Title shall not be required to respond to Brown's motions for summary judgment until their pending motions to strike and to dismiss have been decided.

---

[2] Although the caption of Brown's complaint lists certain named individuals at defendants Fidelity Title, Wells Fargo Bank, and PNC Bank, Brown has since moved to amend the caption to clarify that he is only seeking to sue those entities and not any of the named corporate officers. That motion is granted and establishes that the named individuals are not being sued in this case, rendering moot Fidelity Title's amended motion to dismiss dated April 6, 2015. See also this court's March 30, 2015 order.

[3] If he did not serve counsel for all parties who have appeared, Brown is reminded that under Rule 5(a) all filings with the court must be served upon all counsel who have appeared.

2

7. The court will not entertain Brown's motion to collaterally attack a 2009 Knox County judgment and an unspecified misdemeanor conviction. There is no cause of action in Brown's complaint seeking to collaterally attack the Knox judgment and no indication that the parties to that judgment have been made parties to this action. In addition, assuming that the misdemeanor conviction that Brown is seeking to collaterally attack was issued by a Maine court, the only available remedy is a petition for post-conviction relief, which may not be joined with this civil action.

8. The court will not entertain Brown's motion for sanctions against court officers and parties. This court does not have jurisdiction to sanction court officers and parties in unrelated state proceedings or to issue sanctions against court officers and parties in federal proceedings.

9. In the event that Amica and Fidelity Title wish to file reply memoranda on their pending motions to strike and dismiss, the court will take those motions under advisement once those reply memoranda have been filed or the deadlines to file those memoranda have passed.

10. In his papers Brown repeatedly argues that a pro se plaintiff is not held to the same standards as a practicing lawyer. While some accommodations may be made due to a party's pro se status, the law in Maine is that self-represented litigants are afforded no special consideration in procedural matters. *Clearwater Artesian Well Co. v. LaGrandeur*, 2007 ME 11 ¶ 8, 912 A.2d 1252; *Dumont v. Fleet Bank,* 2000 ME 197 ¶ 13, 760 A.2d 1049. Brown is required to comply with all applicable procedural rules notwithstanding his self-represented status.

The entry shall be:

Procedural order entered on defendant Amica's motion to strike, defendant Fidelity Title's motion to dismiss, and plaintiff's motions for summary judgment against Amica and Fidelity Title. Plaintiff's motion to collaterally attack a judgment and misdemeanor conviction

3

and his motion for sanctions are summarily denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 23, 2015

_____
Thomas D. Warren
Justice, Superior Court