STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-88

JOHN DEAN,

        Plaintiff

v.

        ORDER

HOME SNUGGERS, INC.,

        Defendant



STATE OF MAINE
Cumberland ss Clerk's Office

APR 27 2018 2:20PM

RECEIVED

Before the court is a motion for summary judgment by plaintiff John Dean.

## Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

## Discussion

In this case summary judgment turns on the principle that pro se defendants are required to follow the Maine Rules of Civil Procedure the same as parties represented by attorneys.

Defendant Home Snuggers Inc. is represented in this action by its president, Mark Walker, who has certified that Home Snuggers is a Maine corporation with five or fewer shareholders and is therefore permitted to represent Home Snuggers in defending this action pursuant to 4 M.R.S. § 807(3)(J).

Dean's motion for summary judgment includes a statement of material facts (SMF) supported by an affidavit of Dean's counsel asserting that Home Snuggers was served with a set of Interrogatories and a Request for Production of Documents on May 3, 2017. Dean's SMF also asserts that Home Snuggers was served with a Request for Admissions on August 7, 2017. As of December 26, 2017, the date that Dean's motion for summary judgment was filed, Home Snuggers had not responded to the request for admissions and had not responded to the Interrogatories or the Request for Production of Documents.

The Request for Admissions asked Home Snuggers to admit that it owed commissions totaling $5108.30 and travel expenses totaling $ 8679.00 to Dean. Pursuant to M.R.Civ.P. 36(a) those matters were admitted by Home Snuggers when it failed to serve written answers or objections within 30 days after service.[1]

In opposition to Dean's motion for summary judgment, Walker on behalf of Home Snuggers did not file an opposing statement of material facts pursuant to M.R.Civ.P. 56(h)(2). However, he filed an objection to the motion, accompanied by a belated response to the request for admissions. In his objection Walker states that as the owner of a small business he is a pro se defendant and cannot afford legal representation. Walker also states that he thought he had satisfied the request for admissions by responding to the complaint.

---

[1] Dean's SMF also asserts that beginning in May 2017 Home Snuggers was requested to provide dates when Walker could be available for a deposition and has failed to provide any such dates. Dean also asserts that Home Snuggers failed to serve exhibit and witness lists and respond to Dean's settlement offer by the deadlines set in the scheduling and pretrial orders.

Under M.R.Civ.P. 36(b) matters admitted under Rule 36 are conclusively established unless the court "on motion" permits withdrawal of the admission. Walker has not made a motion to withdraw the admissions that resulted from his failure to file a response to the request to admit within 30 days. Moreover, even if the belated responses attached to his objection to summary judgment were deemed to be an implicit motion to relieve Home Snuggers of its failure to respond within 30 days, the court would deny that motion because Home Snuggers, represented by Walker, did not respond to the other discovery propounded by Dean and in most cases has not even attempted to comply with the applicable procedural rules.

Home Snuggers appears to believe that none of the procedural rules that apply to parties represented by lawyers apply to self-represented parties. However, while some accommodations may be made due to a party's pro se status, the Law Court has consistently ruled that self-represented litigants are afforded no special consideration in procedural matters. *Clearwater Artesian Well Co. v. LaGrandeur*, 2007 ME 11 ¶ 8, 912 A.2d 1252; *Dumont v. Fleet Bank*, 2000 ME 197 ¶ 13, 760 A.2d 1049.

On behalf of Home Snuggers, Walker has (1) failed to respond to interrogatories and document requests,[2] (2) failed to timely respond to requests for admissions, (3) failed to file an opposing statement of material facts to the motion for summary judgment, and (4) failed to file a motion to withdraw the admissions relied on by Dean in his motion for summary judgment.

Home Snuggers is therefore bound by the matters admitted when it failed to serve a timely response to Dean's Rule 36 request. Dean is entitled to summary judgment on his claim that Home Snuggers owes him $5108.30 in commissions and $ 8679.00 in travel expenses. Moreover, commissions are "wages" for purposes of 26 M.R.S. § 626. *Community*

---

[2] As far as the court is aware, Home Snuggers has never responded to Dean's interrogatories and document request.

*Telecommunications Corp. v. Loughran*, 651 A.2d 373, 376 (Me. 1994). Accordingly, Dean is also entitled to liquidated damages equaling twice the amount of the unpaid commissions.

Home Snuggers has filed a counterclaim which seeks recovery in an unspecified amount based on allegedly inaccurate mileage statements submitted by Dean. To the extent that the mileage statements were allegedly submitted in connection with the travel expenses for which Dean is seeking reimbursement, the counterclaim is really in the nature of a defense and is moot in view of the granting of summary judgment to Dean.

To the extent that Home Snuggers is seeking reimbursement for amounts already paid to Dean, its counterclaim survives. However, 4 M.R.S. § 807(3)(J) only allows an officer of a small Maine corporation with five shareholders or less to defend a claim against the corporation. It does not authorize a corporate officer to prosecute an affirmative claim on behalf of the corporation. As a result, the counterclaim of Home Snuggers will be dismissed without prejudice and without further notice unless an attorney licensed to practice in Maine files an appearance on behalf of Home Snuggers on or before May 30, 2018.

The entry shall be:

1. Plaintiff's motion for summary judgment is granted.

2. Judgment is entered in favor of plaintiff John Dean and against defendant Home Snuggers Inc. in the amount of $ $5,108.30 in commissions and $8,679.00 in travel expenses.

3. Pursuant to 26 M.R.S. § 626, judgment is also entered in favor of plaintiff and against Home Snuggers in the amount of $10,216.60 in liquidated damages.

4. The total amount of the judgment in favor of Plaintiff is $24,003.90. Final judgment cannot be entered at this time because the counterclaim has not been resolved. Once final judgment is entered, prejudgment interest shall run at 3.87% from the filing of the complaint. Post-judgment interest shall run at 7.76%.

4

5. Defendant's counterclaim shall be dismissed without prejudice and without further notice unless an attorney licensed to practice in Maine files an appearance on behalf of Home Snuggers Inc. on or before May 30, 2018.

6. Pursuant to 26 M.R.S. §626 and M.R.Civ.P. 54(b)(3) plaintiff may file an application for attorney's fees.

7. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 27, 2018

Thomas D. Warren
Justice, Superior Court