STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-22-151

JOHN REARDON,

      Plaintiff

v.

      ORDER

RAYMOND SAVAGE, et al.,

      Defendants

**Plaintiff-Pro Se
Defendants-Charles Gilbert III, Esq.**

Before the court is a motion for summary judgment brought by defendants Raymond and Kathryn Savage.

This is an action brought by John Reardon pro se. His complaint alleges that defendants Raymond and Kathleen Savage wrongfully obtained a parcel of land in Washington County.

In response to the properly supported Rule 56(h)(1) statement filed by the Savages in support of their motion for summary judgment, Reardon filed a "motion to deny defendant's motion for summary judgment" but did not file any Rule 56(h)(2) response.

The procedural rules that apply to parties represented by lawyers also apply to self-represented parties. While some accommodations may be made due to a party's pro se status, the Law Court has consistently ruled that self-represented litigants are afforded no special consideration in procedural matters. *Clearwater Artesian Well Co. v. LaGrandeur,* 2007 ME 11 ¶ 8, 912 A.2d 1252. In particular, the summary judgment rules apply to self-represented parties. *Dumont v. Fleet Bank,* 2000 ME 197 ¶ 13, 760 A.2d 1049.

Accordingly, the facts set forth in the Savages' statement of material facts are uncontested. They establish that the parcel of land in question was the subject of litigation between the Savages

REC'D CUMB CLERKS OF
APR 19 '23 PM 12:27

and Reardon in Washington County Superior Court Docket No RE-18-0019. In that case Reardon was represented by counsel. As the case approached trial a settlement was reached and the terms of the settlement were recited on the record on March 24, 2021. At that time Reardon indicated his asset to the settlement on the record.

However, Reardon thereafter failed to sign the necessary settlement documents, which resulted in proceedings brought by the Savages to enforce the settlement agreement. Those proceedings eventually resulted in an order on March 1, 2022 (Mallonee, J.) finding that Reardon had failed and refused to execute the conveyance called for by the settlement and appointing pursuant to Rule 70 a lawyer in Machias to sign the quitclaim deed. That order was not appealed, and the quitclaim deed was duly signed.

Based on those facts, the Savages are entitled to summary judgment. The orders entered in the Washington County case are entitled to res judicata effect in this court. If Reardon had any basis to seek relief from the court's orders in the Washington County case, he should have sought that relief in the Washington County Superior Court. Moreover, although he makes various complaints about the actions of his attorney in the Washington County case, that does not give him a basis to relitigate with the Savages over ownership of the real estate in question.

The entry shall be:

Defendants' motion for summary judgment is granted. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: April 19, 2023

Thomas D. Warren
Active Retired Justice, Superior Court

2